# Rail Road Company *against* Gilson.

There is no certain rule by which the injury done to a man's property, by reason of the construction of a rail road through it, is to be measured; it must be referred to a jury as a matter of fact under all the circumstances. And that the plaintiff owned property at another place, separate and unconnected with the property alleged to be injured, which was enhanced in value by the road, is not a legitimate subject of inquiry by the jury.

ERROR to the common pleas of *Berks* county.

Riah Gilson against The Philadelphia and Reading Rail Road Company.

This was an application for damages done to the plaintiff's property by reason of the construction of the rail road, and taking materials from him for that purpose. The opinion of the court sufficiently states the questions which arose on the trial.

*Strong* and *Smith,* for plaintiff in error.
*Gordon,* for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The first error is an exception to the opinion of the court below, in admitting the evidence of John McManus, showing that he had bought ground, meaning earth and gravel, from the plaintiff below, who is the defendant in error, for the purpose of making an embankment on a section of the rail road, which he had undertaken to grade for the company, and paid him at the rate of five cents per cubic yard for it. The objection to this evidence is, that the price of the gravel and earth, taken by the com-

[Rail Road Company v. Gilson.]

pany, the plaintiffs in error, from the land of the defendant in error, for the purpose of constructing their road, ought not to be estimated by the cubic yard, but by the acre; and that what the witness had paid furnished no criterion as to the prices at which the plaintiffs were to be charged, let the rule of measurement be what it might. Had it been the land of the defendant in error that had been used by the company for the purpose of making their road upon it, or erecting buildings thereon as connected with the road, doubtless superficial measure, such as the square foot, yard, or acre, ought to have been adopted in order to ascertain the quantity so taken; but this, I apprehend, would be a novel mode of ascertaining the quantity of gravel, earth, or stone taken by the company from the land of the defendant in error, as materials to be used in making the road. There certainly can be no objection to the defendant in error's being paid in proportion to the quantity of gravel taken; and certainly no more fair or just measure could have been applied for that purpose, than the cubic foot or yard: and the price, which the defendant had received about the same time, from the witness or others, per cubic yard for the like material, was some evidence of its value to go to the jury, though it might not weigh much, if any thing, with them. The evidence was therefore properly received.

The second error is substantially the same with the first, and therefore requires no further answer.

The third error is an exception to the opinion of the court in receiving evidence, to show that the meadow or grass in a field of the plaintiff below, contiguous to an embankment of the rail road, was injured by the earth being carried thereon from the embankment, by means of rains as they fell. The objection to the admission of this evidence was, that this particular injury or damage was not specifically mentioned in the petition of the plaintiff below. It is not necessary that the complainant, in such case, should go into a minute detail, in his petition, of all the injurious effects naturally arising from the efficient cause of his complaint. Having stated the latter fully and distinctly, it can answer no useful purpose to incumber the record with a voluminous statement of all its inevitable consequences, which have proved somewhat injurious to the complainant. The circumstance, therefore, of the gravel being carried by means of rains, as they occurred, from the embankment into the meadow of the plaintiff below, and having done some injury to his grass, seems to be nothing more than what would naturally result as one of the effects from the cause of complaint as set forth in the petition. We therefore think there is nothing in this error.

The fourth error is answered in what has been said of the first.

The fifth error is also an exception to the opinion of the court in overruling evidence offered by the defendants below, to show that the plaintiff below was the owner of a large hotel in the borough of Reading; that the custom of the hotel had been increased, and

[Rail Road Company v. Gilson.]

the establishment rendered more valuable by the rail road. It was not the land upon which this hotel stands, that the plaintiff below alleged was injured by the establishment of the road, and the advantages derived therefrom to him by reason of its having enhanced the value of that property, could not therefore be set off by the company against the injury done to him in other and different lands. By the terms of the act incorporating the company, it is only the advantages resulting to the complainant, from the road being made through the same land, in which he alleges he has been injured by means of it, that can be taken into consideration in estimating the amount of damage sustained by him, if any. The evidence was therefore rightly rejected.

The sixth error is an exception to the answer of the court to the first point submitted by the counsel of the defendants below. —We are clearly of opinion that the plaintiffs in error have no reason to complain of the answer here spoken of, because the answer is such as they requested.

The seventh and last error is an exception to the answer given by the court to the third point, submitted on the part of the defendants below; which was a request to charge the jury that the plaintiff could not recover compensation for the land taken by the cubic yard. By the term " land" here, is not to be understood that portion of the farm, or lot of ground belonging to the plaintiff below, upon which a part of the road was located and made, but the gravel and earth taken by the company from the land of the plaintiff below, for the purpose of making an embankment, where it was requisite to raise the surface of the road above the natural surface of the ground. To the request of the defendants below, in this behalf, the president judge of the court replied, "That the plaintiff was entitled to an adequate and just compensation, for the injury done him in taking away his land for embankment. The plaintiff contends that this gravel, which was taken, was valuable. I do not know that there is any general rule applicable to all cases. If valuable limestone was taken, the owner would not charge by the acre. If clay, that was valuable for brick, was taken, the jury might come at the value by the yard, or acre, or load, still taking care not to give more than it was worth to the owner, at the time it was taken, and in the condition it was when taken. So in regard to this gravel, you will give in damages, first, what it was worth to the plaintiff at the time it was taken, and in the condition it was when taken. This is the only rule I know of; it is one of justice. You will endeavour to reach that point, and if you do, the ends of justice will be attained. You will still keep in view, as to this part of the case, the advantages likely to result to the plaintiff from the opening of the road through his land." It appears to us that the answer and direction of the court to the jury on this point, was as favourable to the defendants below as they had any right to claim. And it may be repeated here, that to measure by the acre or square

yard the gravel and earth raised and obtained from the land of the plaintiff below, ·by means of excavating it, with a view to ascertain the quantity taken, would not only be novel but impracticable; because there is no settled rule or principle by which such a standard of measure could be applied to the depth of the excavation, or the gravel removed and taken away. The quantity, by such a mean of ascertainment, would depend entirely upon the extent of the area, either of the excavation or of the surface which might be formed out of the gravel taken, without any regard whatever being paid to the depth thereof; and whether the depth amounted to one thousand feet or one inch only, the result, as to quantity, would be the same. But in the very nature of things it is perfectly obvious, that the quantity of gravel obtained from the same area of ground by an excavation of it, to the depth only of one inch, can not be equal in quantity to more than the one twelve thousandth part of what would be gotten from an·excavation thereof to the depth of one thousand feet: and when it is shown, as was the case here, that the gravel of the plaintiff below, as an article of sale or merchandise, was of some value to him, it is clear, that if a small quantity be of value to him, a greater quantity of it would reasonably seem to be more so. Hence the propriety of resorting to the cubic yard as a mean of measurement, in order to ascertain the quantity of gravel taken by the company from the land of the plaintiff below, with a view of enabling the jury the better to form a true estimate of its real value to the plaintiff, is made manifest. And although the witnesses on this subject testified that they had paid the plaintiff below from five to ten cents per cubic yard, yet the court did not instruct or even insinuate to the jury that such prices ought to govern them in assessing the damages which they might think the plaintiff below had sustained. This obviously would not have been right, though the evidence proving the fact was properly admitted to be given to the jury, for the purpose of satisfying them that the plaintiff had had a demand for his gravel to some extent, previously to and independent of the company's taking it, which made it of some value to him, because the quantity taken by the company being of vastly greater amount than what the plaintiff below would have disposed of otherwise, it was fair that they should have it at a very reduced price, as the aggregate of the profit, upon a very large quantity at a reduced price, would be more advantageous to the plaintiff below, than a higher price would have been upon a much less quantity. This consideration would naturally present itself to the minds of the jury, and nothing appears to have been said by the court that could have misled them in this respect.

Judgment affirmed.