Pacific Railroad v. Chrystal.

PACIFIC RAILROAD, Defendant in Error, v. CHRYSTAL, Plaintiff in Error.*

1. The benefits that may be charged, under section 9 of the act incorporating the Pacific Railroad (Sess. Acts, 1849, p. 219), against land owners adjacent to said road—portions of whose lands may be taken and appropriated to public use—and deducted from the value of the land taken, in estimating the "just compensation" to which such land owners are entitled, are the direct and peculiar benefits resulting to them in particular, and not the general benefits or advantages they, in common with other land owners in the vicinity, derive from the use to which the portions taken are appropriated.

2. The "value"—in the sense of the ninth section of said act—of the land taken is its value independent of the location of the railroad; and the "disadvantages," that may be taken into consideration, are the injuries resulting to the land owner, in respect of the residue of the tract unappropriated, from the particular mode in which part thereof is taken, or the use to which it is applied.

*Error to Franklin Circuit Court.*

*Delafield,* for plaintiff in error.

I. The right of eminent domain can not be granted to a private person or corporation for private uses. (2 Kent,

* RICHARDSON, Judge, having been of counsel, did not sit at the hearing of this cause.

Com. 339, note and cases cited; 2 Dall. 304.) A railroad company whose road is nowhere by the law declared to be a *public road* is nothing more than a *private* person in the law. (Harding v. Goodlett, 3 Yerg. 41; Gardner v. Trustees of Newburg, 2 Johns. Ch. 161.) Nowhere do we find in the acts of incorporation, whether original or amended, any declaration of law that the Pacific Railroad is a public road for public uses. It clearly does not come under the general road laws of the state. It is only a private corporation.

II. By the constitution of the United States no freeman can " be deprived of life, liberty or *property* without due process of law." This means, by the law of the land and by a jury of twelve men. (2 Kent, Com. 13; 2 Coke, Inst. 50; 19 Wend. 659; 4 Dev. 15; 10 Yerg. 71; 2 Yerg. 554.)

III. Private property can not be taken for public use without just compensation. Prospective benefit is no compensation. No compensation whatever was adjudged to defendant.

*S. T. & A. D. Glover*, for defendant in error.

I. No exceptions were saved to the decisions of the court below. The only exception taken was to the refusal of the court to appoint new commissioners after the report had been confirmed.

II. A writ of error will not lie in this case. (Hannibal & St. Joseph R. R. Co. v. Morton, 20 Mo. 70.)

III. The constitutional guaranty that secures the right of trial by jury is not violated by the provision in the charter for the appointment of commissioners to assess the damages. (Beckman v. Saratoga, R. R. Co. 3 Paige, 45; 19 Verm. 478; 5 Verm. 186; 11 N. H. 19.)

IV. Railroads are public improvements from which benefits result to the public; and the right of eminent domain may be exercised either directly by the agency of the government or through the medium of corporate bodies. (3 Paige, 45; Bloodgood v. Mohawk R. R. 14 Wend. 51.)

V. The provision of the charter authorizing the commissioners to consider the advantages arising to the owner of the

land sought to be condemned is constitutional. (Meacham v. Fitchburgh R. R. Co. 4 Cush. 291; 8 Cush. 600; 5 Blackf. 384; 8 Wend. 100; 17 Wend. 669; People v. Mayor of Brooklyn, 4 Comst. 419; 6 Barb. 209; 16 Barb. 69; 17 Wend. 669.)

NAPTON, Judge, delivered the opinion of the court.

Most of the points made and discussed in this case have been decided by the court in other cases during this term, and it will not therefore be necessary that they be particularly noticed.

The order of the circuit court to the commissioners appointed to assess the damages to Chrystal's land was, " that said commissioners, in forming their estimate, make due allowance or deduction for *any* advantages or benefits which the said William Chrystal will derive from the said Pacific Railroad, but not allowing him the benefit of any rise in land in consequence of the survey."

Although no exception was taken to this order, or the instructions contained therein, at the time it was made, yet, inasmuch as the order may be considered as the chart by which the commissioners were guided, the motion of the defendant to set aside the assessment or report and appoint new commisioners may be regarded somewhat in the light of a motion in arrest, and as sufficient to authorize this court to review the action of the circuit court.

In the case of Newby v. Platte County, (ante, p. 258,) this court held that " the benefits to be charged the land owners whose lands are taken for a railroad, and deducted from the compensation to be allowed for the value of the land taken and the injury resulting to other adjoining land, must be the *direct and peculiar* benefits which result to them in particular, and not the *general* benefits they derive in common with other land owners in the vicinity from the building of the road."

The value of the land taken means its actual value independent of the location of the road. The disadvantages

spoken of by the act are the injuries arising from the taking of only a part of a tract, which, from a variety of causes, may more or less impair the value of the part left, or entirely destroy its value.

It is manifest that the order of the court to the commissioners did not conform to these principles. The report should therefore have been set aside and a second assessment made with proper instructions. Judge Scott concurring, the judgment is reversed and the cause remanded; Judge Richardson not sitting.