ST. LOUIS AND ST. JOSEPH RAILROAD COMPANY, Appellant, *v.* SAMUEL A. RICHARDSON, Respondent.

1. *Eminent domain — Land taken for railroads — Damages, assessment of.— Construction of statute.—*Under the act for the appropriation and valuation of land taken for telegraph and other purposes (Wagn. Stat. 327-8, §§ 3, 4), unless the court is clearly satisfied that the commissioners appointed to assess damages have erred in the principles upon which they have made their appraisals, their report should not be disturbed by review or a new appraisement.

2. *Eminent domain — Land taken for railroads—Benefits, assessment of, how estimated.—* The settled law of this State is that in assessment of damages for land taken for railroad purposes (Wagn. Stat. 327-8, §§ 3, 4) the benefit derived which is to be taken into account is the direct and peculiar benefit resulting to the land in particular—not the general benefit accruing to it in common with other land which is enhanced in value by the building of the road.

*Appeal from Fifth District Court.*

*Hall & Oliver*, for appellant, cited 1 Hill. on Rem. for Torts, 297, § 3 ; 43 Penn. 495 ; 2 Gray, 107 ; 11 Cush. 203 ; 47 Penn. 428 ; 1 Redf. on Railw. 262-3 ; 3 Allen, 141.

*Richardson*, and *H. M. & A. H. Vories*, for respondent, cited Newby v. Platte County, 25 Mo. 258 ; Troy & Boston R.R. v. Lee, 13 Barb. 169 ; same v. Turnpike Co., 16 Barb. 100 ; 1 Redf. on Railw. 264, note 21 ; *id.* 268, and notes ; 6 Ohio St. 182 ; 25 Mo. 544.

WAGNER, Judge, delivered the opinion of the court

This was a proceeding commenced in the Ray Circuit Court by plaintiff, to condemn, for its own use and for the purpose of constructing its road-bed, a strip of land belonging to the

defendant. The petition, in accordance with the provisions of the statute, prayed the court to appoint three disinterested house-holders — citizens of the county — to view the land and assess the damages which the defendant would sustain in consequence of the appropriation and condemnation of the land for the plaintiff's road-bed. The commissioners were duly appointed, proceeded to the discharge of their duty, and returned their report into court, in which they assessed the defendant's damages at $900. The plaintiff then moved the court to set aside the award of the commissioners and the assessment of damages, and as grounds therefor alleged : first, that the damages assessed were excessive ; second, that the commissioners did not take into consideration the advantages and disadvantages which would accrue to the defendant by reason of the construction of the railroad ; third, that the land of the defendant would be of greater value after the construction of the road through the same than it was before.

This motion the court overruled and gave judgment on the report, which judgment was affirmed in the District Court. Upon the hearing of the motion the plaintiff introduced several witnesses, who testified that they were well acquainted with the defendant's land, over which the road was located, and that they knew in what manner the road passed through the land ; that the land was worth more after the location of the road than it was before the road was located, and would sell for more.

The law under which the proceedings were had declares that after the proper steps are taken, the court shall appoint three disinterested commissioners — residents of the county in which the real estate, or a part thereof, is situated — to assess the damages which the owners may sustain by reason of the appropriation, who, after having viewed the land, shall forthwith return, under oath, to the clerk of the court, the assessment of damages, setting forth the amount. After the filing of the report, it may be reviewed in the court in which the proceedings were had, on written exceptions filed by either party within ten days after the filing of the report ; and the court is thus authorized to make such order as right and justice may require, and may order

a new appraisement for good cause shown. (1 Wagn. Stat. 327–8, §§ 3, 4.)

The section empowering the court to review the report or order a new appraisement, is not very definite or clear, and does not indicate with any precision what should be deemed a sufficient cause for calling forth the revisory power. It must be observed that the commissioners do not act like an ordinary judicial tribunal. Their judgment is not made up exclusively upon evidence submitted to them. They may arrive at their conclusions upon the proof and allegations of the parties; and in addition thereto they are required to view the premises, and have the advantage of an actual personal inspection. They are generally selected on account of their capacity and fitness, and are required to be disinterested; and unless the court is clearly satisfied that they have erred in the principles upon which they have made their appraisal, there is nothing for review, and their report should not be disturbed. The testimony of witnesses as to value, whilst it is admissible, is not controlling. It is simply their opinion, and certainly can not be allowed to have greater weight than the deliberate official acts of the commissioners, who have equal, if not superior, advantages for forming a correct judgment. Besides, their evidence in this case is not satisfactory on this question. It is not shown upon what theory their opinion is based — whether the enhancement in value that they speak of was peculiar and special to the property of the defendant on account of the railroad running through it, or whether it was an increase defendant's property shared in common with other property in the neighborhood.

The settled law of this State is that the benefit derived, which is to be taken into account in the assessment of damages, is the direct and peculiar benefit resulting to the land in particular, and not the general benefit accruing to it in common with other land which is enhanced in value by the building of the road. (Pacific Railw. v. Chrystal, 25 Mo. 544; Newby v. Platte County, id. 258; Little Miami R.R. Co. v. Collett, 6 Ohio St. 182.) Other States have laid down different rules, and have involved the subject in a good deal of perplexity; but the law, as heretofore

declared in this court, seems to be just, of easy application, and should be adhered to. I have failed to see any error in the record, and think the judgment should be affirmed.

Judgment affirmed. The other judges concur.