# ST. LOUIS, VANDALIA & TERRE HAUTE RAILROAD CO.

### *v.*

# JAMES H. BROWN.

58    61
149   290

1. CONDEMNING RIGHT OF WAY, *for a railroad—assessment of damages.* When the charter of a railroad company provides, that in condemning the right of way over lands of individuals, the commissioners shall view the premises, and estimate the value of the same, and all damages the owner shall sustain or has sustained, by the land having been taken for the road, and the benefit of the road, taking into consideration the advantages and the disadvantages by reason of constructing the road, and the commissioners were also required to value the land and property, and estimate the amount of damages, if any, over and above the benefits which may accrue to the owner: *Held,* that these provisions did not authorize the commissioners to take into estimation the benefits other lands of the owner, over which the road did not run, would receive.

2. When the railroad was located over two forty acre tracts of land owned by the same person, and he released the right of way over one of the tracts, to the company, it would be error to estimate the benefits that forty would receive by building the road, and deduct the amount from the amount of damages to the other forty acre tract by reason of the construction of the road. The damages and benefits must be confined to each tract separately, and the commissioners should not go beyond it in making their estimates.

APPEAL from the Circuit Court of Bond county; the Hon. JOSEPH GILLESPIE, Judge, presiding

This was a proceeding on the part of the St. Louis, Vandalia & Terre Haute Railroad Company, to condemn the right of way over a forty acre tract of the land of James H. Brown. An appeal was taken from the award of the commissioners, to the circuit court, where a trial was had by the court and a jury, resulting in a verdict and judgment in favor of Brown, for

$360, from which the company appeals to this court. The facts of the case appear in the opinion.

Mr. John Scholfield, for the appellant.

Mr. A. W. Metcalf, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a proceeding by the appellant to condemn the right of way for its road through the land of the appellee. Appellee owned ninety acres of land in a body, eighty rods wide, over which the road ran. Previous to the commencement of the proceedings for condemnation, appellee had released the right of way over the east forty of the ninety acre tract, to appellant, and claimed no damages on account of that forty.

On the trial in the circuit court, appellant offered to prove what were the advantages, as well as the damages, to the whole ninety acres, by reason of appellant taking the right of way across the same for its railroad; also, what were the advantages, as well as the disadvantages, arising from the construction of the defendant's road; also, what were the advantages and damages to the lands owned by defendant in the vicinity of appellant's road, and the advantages and damages to appellee as owner of said lands from the construction of said railroad, but the court refused to permit the evidence to be given to the jury.

The refusal to give the first instruction, and the modification of the second and third instructions, asked by appellant, present the same question, being the only one. which arises upon the record, and that is, was the proof and consideration of benefits to the owner of the land from the construction of the road, properly limited to the west fifty acres of this land?

The question is one to be settled by the language of appellant's charter.

It provides, (Private Laws of 1867, vol. 2d, p. 671), " That all damages which shall be done to any lands or property, under the provisions of this act, or of the act of which this is an

amendment, shall be ascertained and paid for in the manner hereinafter provided." * * * Then, after providing for the appointment of commissioners, it proceeds: "Whose duty it shall be to view and examine all the lands or property taken in said county, with the buildings and improvements, if any, thereon, and to estimate the value of the same, and all damages which the owner or owners thereof shall sustain, or may have sustained, by reason of the taking of the same for construction and benefit of said railroad, or works appertaining thereto, taking into consideration the advantages as well as the disadvantages of the same by means of the construction and operation of said road to the said owner or owners," &c. It again provides: "Thereupon such commissioners shall proceed to examine the premises, and estimate the value of such lands and property, and the amount of damages, if any, over and above the benefits and advantages which may accrue to such owner or owners as aforesaid."

We think the inquiry was rightly confined to the body of land through which the railroad runs. The language itself of the above provisions, seems to import that it should be. Although advantages and benefits are spoken of in a somewhat general and unrestricted way, yet the subject matter of these provisions is, the land over which the railroad runs,—the benefits and advantages spoken of, must be intended as those which pertain to the same land; and it would require express language to that effect, to show the intention of the legislature that benefits to other lands should be taken into consideration. The language used will not reasonably admit of such a construction.

The inquiry, what were the advantages and disadvantages arising from the construction of the road, without any limitation, was manifestly improper.

Benefits to the tract as to which appellee had previously released the right of way, should not have been considered. It would be quite unfair to estimate such benefits, when the damages to the tract could not be considered, the right of way

having been released. The whole subject of damages and benefits, as respects that forty, by the construction of the road, must be taken as having been adjusted when the release was made of the right of way over it.

Perceiving no error in the rulings of the court, or in its action upon the instructions, the judgment must be affirmed.

*Judgment affirmed.*