SNEED, J.,
delivered tbe opinion of the court.
The plaintiff appeals in error from a judgment of tbe Circuit Court of Obion County, upon the verdict of a jury assessing tbe damages sustained by tbe defendants in consequence of the location of tbe plaintiff’s road over the defendants’ land.
Tbe defendants owned a tract of 307-J acres in a body, of which 9£ acres were appropriated by tbe plaintiff for its road. Tbe location of the- road was *3 •shown by the proof to have been of serious detriment to the defendants’ land, and the verdict, awarding to the defendants the sum of $500 as compensation for the value of the land, and $1,800 as incidental damages, seems to be upon sufficient proof.
Questions of law arise upon the charge of the court and its rulings as to matters of evidence.
The charge is as follows:
“ The Constitution secures to the defendants compensation for the land appropriated by the plaintiff, and the jury must determine the amount of it. In doing this, the plaintiff must not be regarded as a wrongdoer, but the price is to be fixed upon the assumption that the railroad company wish to buy and that the defendants are willing to sell. The quantity of the land appropriated, with its value at the date of the appropriation, is to be ascertained from the evidence; and in ascertaining it, the opinion of witnesses familiar with the land is to be looked to. This opinion must not be the result of mere conjecture: there must be a reasonable foundation for it. This question disposed of, the next inquiry is, whether the defendants have sustained incidental damages by reason of the construction of the railway through their tract of land, and whether the benefits conferred by the building of the road amount to anything. In estimating the damages, the jury may take into the account, if authorized by the evidence, the injury to the balance of the land, either for agriculture or for sale; the inconvenience caused by embankments or excavations; the increase or decrease in the price of the remainder of the tract; the expense of fencing, if any; the destruction of buildings; injury to the growing crop on the balance of the tract; injury to the lawn; and destruction of ornamental or shade trees: but in making such estimate the jury cannot consider the opinions of witnesses — facts alone are to be considered. It is insisted by the plaintiff that the benefits conferred by the building of the railway are equal in value to the incidental damages; and the burthen of proof is upon the plaintiff to establish these benefits. The plaintiff can show that a market has been created for the products of defendants’ farm, or that the railway has caused it to apjjreciate in value, or that they have derived any other substantial benefit; lmi no account is to be taken of the benefit the, railway may have been to other property of defendants disconnected fi-om that taken. The jury will return a verdict in favor of the defendants for the value of the land appropriated by the plaintiff; and if it is found that they have sustained incidental damages, and have derived benefits, from the building of the road, the damages and benefits must be set off, the one against the other, and if there is a balance of damages the *4 jury will so return; and if it is found that the sum of the one is equal to that of the other, the jury will so return.”
The jury, under this charge, and upon the proof,, found that the defendants were entitled to the sum of $500 as the value of the land appropriated, and that they had sustained incidental damages to the amount of $1,800. The verdict makes an assessment of benefits to the defendants on account of the location of the road.
Ve think this charge is unexceptionable, and that it is in strict accord with the rulings of this court upon the subject. Woodfolk v. The Nashville & Chattanooga Railroad Co., 2 Swan, 436.
The plaintiff has produced no charter as the Pa-ducah and Memphis Railway Company, but claims to be operating under the charter of the Mississippi Railway Company. No exception on this ground, however, seems to have been taken in the court below.
The defendant Stovall owned real estate disconnected from the tract in question and about one mile distant from it. The charter of the Mississippi Railway Company authorizes the jury to take into consideration the benefits accruing to other lands of the proprietor along the line, but not part and parcel of the tract appropriated. Under this provision, the plaintiff asked instructions that the benefits to other lands of defendants might be set off against the incidental damages claimed by defendants. These instructions were properly refused. This provision of the plaintiff’s charter is peculiar to itself, and is a departure from the general rule upon the subject. It *5 is special legislation and obnoxious to the constitutional objections urged against it.
The general law provides, that in estimating the damages the jury shall give the value of the land without deduction, but incidental benefits which may result to the owner by reason of the proposed improvement may be taken into consideration in estimating the incidental damages. Code, sec. 1338.
In the case of Woodfolk v. The Nashville & Chattanooga Railroad Co., 2 Swan, 422, it was settled that the “just compensation” of the Constitution was the fair value of the land appropriated, which must be actually paid in money, and cannot be discharged in benefits or ameliorations. Rut this constitutional guaranty being secured, it is competent for the Legislature to award to the citizen, independently of the actual value of the land taken, his incidental damages for the taking, and to prescribe the manner of their assessment, and allow ameliorations and benefits to stand against it. But this applies to the tract upon which the right of eminent domain is actually enforced, and not to such benefits as accrue to other lands of the party, or to the public at large. “This enhancement,” say the court, “which may be taken into the account against the petitioner, must be confined in the estimate to the lot or tract through which the road runs, or to lots or lands which adjoin it, and to such improvement in value as is the result of running-the road at that particular place, and not to the general rise of property in the country, or that neighbor- *6 Rood, produced by the public work.” 2 Swan, 440-1; 1 Redf. on Railways, 264.
So in the case of Railway v. Gibson, 8 Watts, 243, it was held that no account is to be taken, in estimating land damages, of the benefit the railway may have been to other property of the plaintiff disconnected from that taken. And so in Little Miami Railway v. Collett, 6 Ohio State, 182, it was held that general benefits resulting from the erection of a railway to all who own property in the vicinity, are not to be taken into the account. Pacific Railw. v. Chrystal, 25 Mo., 544.
It is objected that the court permitted the defendants to show damages not actual but merely prospective. We do not so understand the testimony. One of the witnesses stated that the land taken was worth $150 per acre, in which estimate he included damages and everything. In this statement he did not foreshadow any merely prospective damages to be suffered in future, but manifestly meant to aggregate every species of actual damage to the tract of 307J acres in the value of the land appropriated. But however this may be, no exception was taken to this, character of testimony in the court below.
We cannot see that the fact of the survey of the road before the defendants became the owners of the land, and with their knowledge, can affect their right of recovery. The survey in question was of the Mississippi Railway, and not of the Paducah and Memphis Railway; but conceding that it was the plaintiff’s road, yet the location was made after de *7 fendants’ rights in the land had accrued, and this determined the defendants’ rights as proprietors' of the soil. ^
In view of the whole case, we think that, upon the law and the facts, the rights of the parties have been properly adjusted, and the judgment will be affirmed.