MISSISSIPPI RIVER BRIDGE Co., Appellant, *vs.* EDWARD RING, Respondent.

1. *Statutes, construction of——Railroads—Condemnation of land.*—The statute authorizing the appropriation of land for railroad purposes (Wagn. Stat., 326) is in derogation of the common law, and should be liberally construed in favor of those whose rights are to be affected by it.

2. *Railroads—Condemnation of land—Commissioners, report of—Review—Evidence—Alteration.*—Upon exceptions filed to the report of commissioners appointed to condemn land for railroad purposes, the court should review by evidence the action of the commissioners, and supervise their finding so as to do substantial justice. The court may approve or reject the report, but cannot alter it.

3. *Railroads—Land, condemnation of—Removal of property—Ownership—Trespass.*—After the condemnation of land in favor of a railroad, the property thereon belongs to the railroad, and if the former owner removes any of it he will be liable to an action of trespass.

4. *Lands, condemnation of—How to be appraised.*—In condemning land its value is to be assessed with reference to what it is worth for sale, in view of the uses to which it may be put, and not simply with reference to its productiveness to the owner in the condition in which he has seen fit to leave it.

5. *Lands, condemnation of—Benefits, how assessed.*—In proceedings to condemn land, the benefits, which are to be assessed against a tract of land, are the benefits resulting to that tract in particular, and not the general benefits accruing to it in common with other land which is enhanced in value by the erection of the improvements.

*Appeal from Pike Circuit Court.*

*T. J. C. Fagg*, for Appellant.

I. The court had no right to inquire into the value of the property taken from the premises, and to deduct that value from the amount of damages as ascertained by the commissioners. (Brainard vs. Clapp, 10 Cush., 6.)

II. The court is not authorized to fix the amount of compensation upon hearing the testimony. The court can only affirm or set aside the report. (Wagn. Stat., 328, § 4; Han. Bridge Co. vs. Schaubacker, 49 Mo., 555.)

III. As to general principles of condemnation, under statute of New York, see Troy & Boston R. R. vs. North. Turnp. Co., 16 Barb., 100.

58 491
31a 17
31a 161
58 491
35a 453
58 491
100 426
38a 593
58 491
101 532
58 491
104 290
105 519
58 491
50a 485
58 491
116 120
58 491
139 258
58 491
147 296
58 491
159 12
58 491
160 412
58 491
94a 4474
58 491
174 26
174 51

*Sharp & Broadhead*, for Respondent.

I. The court is not bound to confirm or reject the report; its supervisory power is not confined to technical errors. It may do what is right and just in the premises. (Wagn. Stat., 328, § 4; Han. Bridge Co. vs. Schaubacker, 49 Mo., 558.)

II. The deduction in the report was made by the court with the consent of the respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding by the plaintiff, a duly organized corporation under the laws of this State, to condemn land for the approaches to its bridge. By its counsel it presented its petition to the judge of the Circuit Court, for the appointment of commissioners, and commissioners being appointed in pursuance of law, they entered upon the discharge of their duties. After viewing the land sought to be taken, they awarded to the defendant $2,500 as damages sustained by him.

In due time after the report was filed plaintiff filed exceptions to the same, because, 1st. The damages were excessive and exorbitant, and that the defendant had, after the making of the award, removed from the ground, over which plaintiff's right of way was located, property which was included in the amount of damages; and 2d. that the proceedings of the commissioners were irregular and illegal, and not in conformity with the requirements of law.

Upon the hearing of exceptions to the report, each side introduced witnesses, and there was great diversity in their testimony as to the damages. For the plaintiff, the witnesses did not consider that the defendant was in anywise injured, if he continued to use the property for the purpose of pork packing. For the defendant, some of the witnesses placed his damages as high as three thousand dollars. Whilst some of them considered the property very valuable, and thought it would be greatly injured, others founded their opinion upon

what it would be worth if used for another business, for which it was deemed peculiarly adapted.

The property removed consisted of a corn crib, which was on the land when the commissioners viewed the same and made their report, and which the court found was of the value of one hundred and fifty dollars, which amount it deducted from the award, and then confirmed the report. From this ruling the plaintiff appealed.

Three points are now relied on by the counsel for the appellant, for a reversal of this case : First. That the court had no power under the statute to try the question of compensation, or undertake to fix by its judgment the amount to be paid for the use of the ground ; Secondly. That after it was found that there had been a change in the property, produced by the act of the owner himself, affecting the value or compensation, the only action the court could rightfully take in the premises would be to set aside the report and appoint new commissioners ; and, Thirdly. That the property in question being, at the time it was sought to be appropriated, used exclusively for the purpose of slaughtering hogs and packing pork, the question of the amount of damages sustained should have been confined exclusively to that business, and that there could be no inquiry as to what the property would be worth for any other purpose.

The statute, under which the parties acted in the matter of condemnation, provides, that the report of the commissioners may be reviewed by the court in which the proceedings are had, on written exceptions filed by either party in the clerk's office within ten days after the filing of such report, and the court shall make such order therein as right and justice may require, and may order a new appraisement upon good cause shown. (Wagn. Stat., 328, § 4.)

It will be observed, that this section gives the court extensive supervisory and discretionary power over the report. It may not only review the proceedings, but it is permitted to go further, and make such orders touching the premises as right and justice may require ; and if it be of the opinion,

upon reviewing the case, that it would be more conducive to justice to order a new appraisement, it may take that course. It is not perceived how the court can well review the report, so as to make an order therein according to right and justice, unless it receives evidence so that it can become possessed of the facts.

In the case of the Hannibal Bridge Co. vs. Schaubacker, (49 Mo., 555) it was held, that under the statute the finding of commissioners, appointed to appraise land to be condemned for approaches to a bridge, was not conclusive upon the Circuit Court, but that on written exceptions filed by either party, the court might re-examine the evidence, and, if the report of the commissioners was wrong, it might set the same aside. In that case the commissioners had obviously done great injustice to the party whose land was sought to be appropriated, and the court, when the exceptions were filed, treated the finding of the commissioners as conclusive, and refused to hear any testimony on the subject. Had this view of the law been correct, the party would have been wholly remediless, and would have been deprived of his property, not only against his consent, but without obtaining any just or adequate compensation therefor.

As the statute is in derogation of the common law, and invests corporations with the high prerogative of condemning and taking property against the will of the owner, it should be liberally construed in favor of those whose rights are to be affected by it. And this would certainly lead to the conclusion that the court should review by evidence the action of the commissioners, and supervise their finding so as to do substantial justice.

The very question in contention in this case was presented in St. Louis, &c. Ry. vs. Richardson, (45 Mo., 466). There the commissioners, in the discharge of their duty, returned their report, in which they assessed damages to the defendant. The plaintiff then moved the court to set aside the award, on the ground that the assessment of damages was excessive, and that the commissioners did not take into consid-

eration the advantages and disadvantages which would accrue to the defendant by reason of the construction of the road. Upon the hearing of the motion the plaintiff introduced several witnesses, who testified that they were acquainted with defendant's land, over which the road was located, and that they knew in what manner the road passed through the land; that the land was worth more after the location of the road than it was before, and would sell for more. With this evidence before the court, the motion was overruled, and judgment given confirming the report. The case was then brought to this court, where the judgment was affirmed. And in the reasoning of the opinion it was observed, that the commissioners did not act like an ordinary judicial tribunal. Their judgment was not made up exclusively on evidence submitted to them. They might arrive at their conclusion upon the proof and allegations of the parties; and in addition thereto they were required to view the premises, and therefore they had the advantage of an actual personal inspection. They were generally selected on account of their capacity and fitness, and were required to be disinterested; and unless the court was clearly satisfied that they had erred in the principles upon which they had made their appraisement, there was nothing for review, and their report should not be disturbed; that the testimony of witnesses as to value, whilst it was admissible, was not controlling. It was simply their opinion, and certainly could not be allowed to have greater weight than the deliberate official acts of the commissioners, who had equal, if not superior, advantages for forming a correct judgment.

In reference to the action of the court, in modifying the verdict by deducting the value of the corn crib taken away by the defendant after the appraisement was made, it is admitted that it was not strictly in pursuance of law. I think the statute does not warrant such a proceeding. The court may take evidence to review the report, to see whether it should be approved, or rejected and set aside and new com-

missioners appointed. But I can nowhere find that it was ever designed, that upon reviewing the case upon exceptions, the court is authorized to make any alteration, either by adding to or deducting from it. After the condemnation the crib would undoubtedly have been the property of plaintiff, and the defendant, like any other person, would have been liable in trespass for removing it. But in that case plaintiff could only have recovered the value, and that has been obtained by the action of the court, and although it proceeded erroneously and irregularly, yet substantial justice has been done, and the judgment ought not to be disturbed on that account.

The plaintiff has got what it would have gained had it brought an action for the conversion of the crib, and therefore it cannot be said that it has been injured.

We cannot subscribe to the doctrine insisted upon by the counsel, that, because at the time the appraisement was made the property was used for slaughtering hogs and packing pork, the estimate of the commissioners should have been made in reference to the injury to the property for that business exclusively, and that nothing else could be taken into consideration. That would preclude the owner of the property from ever making any change in his business, or using his property for other purposes, so far as assessments were concerned. It would compel a sacrifice, and confine him in one line of trade, though it might be entirely ruinous. On the other hand, the estimate should not be based upon matters purely speculative or fanciful, which may or may not happen. The correct rule to be applied relates to the value of the land to be appropriated, which is to be assessed with reference to what it is worth for sale, in view of the uses to which it may be put, and not simply in reference to its productiveness to the owner in the condition in which he has seen fit to leave it. And where less than the whole estate is taken, then there is further to be considered how much the portion not taken is increased or diminished in value in con-

sequence of the appropriation. (Cooley Const. Lim., 567–8, and notes.)

The benefits derived, which are to be taken into consideration in the assessment of damages, are the direct and peculiar benefits resulting to the land in particular, and not the general benefit accruing to it in common with other land which is enhanced in value by the erection of the improvements. (St. Louis, &c. Ry. vs. Richardson, *supra*, and cases cited.)

The testimony of the witnesses, introduced by the plaintiff in opposition to the report, was all in reference to the business in which the property was at that time used, and was therefore founded on a wrong theory, and the court did right in disregarding it. There is nothing to show that the court erred in exercising its revisory power, and the judgment should be affirmed.

The counsel for the respondent have filed a motion asking not only for an affirmance, but for six per cent. interest on the judgment from the date of its rendition, and also an addition of ten per cent. as damages. The six per cent. interest will be allowed, but we do not consider this a case calling for the infliction of damages, and that part of the motion will be overruled.

The judgment will be affirmed ; the other judges concur.