### W. B. WORSHAM v. G., H. & W. R'Y CO.

(No. 2838.)

APPEAL from Wichita County.    Opinion by WHITE, P. J.

*(Transferred from Austin.)*

WM. W. FLOOD, counsel for appellant.

A. K. SWAN and R. COBB, counsel for appellee.

§ **425.**· *Damages in proceeding to condemn land for railroad purposes; rules as to; case stated.* This is a proceeding under the statute by appellee to condemn the land of appellant for railroad purposes. Appellant was awarded $300, the value of the land actually condemned, but was awarded no damages with respect to the remainder of the tract from which the land condemned was taken. *Held:* In a proceeding to condemn land, it is prescribed by statute that, "when only a portion of a person's real estate is condemned, the commissioners shall estimate the injuries sustained and the benefits received thereby by the owner as to the remaining portion of such real estate, whether such remaining portion is increased or diminished in value by such condemnation, and the extent of such increase or diminution, and shall assess the damages accordingly." [R. S. art. 4195.]

"In estimating either the injuries or the benefits as provided in the preceding article, those injuries or benefits which the owner of such real estate sustains or receives in common with the community generally, and which are not peculiar to him and connected with his ownership, use and enjoyment of the particular parcel of land, shall be altogether excluded from such estimate." [R. S. art. 4196.]

It is a general rule that, in estimating damages for injuries done to land, the measure of the damages is the difference between the value of the land immediately before and immediately after the injuries. The difficulty

is, however, in determining what evidence is legitimate, or rather what elements of damage are admissible in the particular case to show these values, and upon which such values may be properly predicated. Without these elements are known, neither a court nor jury can determine with certainty the question of the amount of damages which should be awarded.

The owner of the land is entitled to recover in any event the market value of that portion of the land actually taken. [3 Neb. 237.] In addition to this he should have allowed to him a reasonable compensation for whatever damage the evidence shows will be done to the residue of the tract from the proper construction and future careful operation of the road. When the evidence shows that the land-owner will be *specially* benefited by the location of the road, such benefit may go to reduce the damage to the residue of the land, but this special benefit cannot be set off against the value of the land actually taken. Benefits, however, which are common with the community generally cannot be estimated to reduce damages peculiar to the land-owner. And it is only such damage as is *peculiar* to the owner that he can recover in excess of the value of the land actually taken. [*Ante*, § 278; R. R. Co. v. Fuller, 63 Tex. 467; 3 Sutherland on Dam. 442; Cooley's Const. Lim. 707.] But the owner's right of recovery is not affected by the fact that the property of others may have been injured in the same manner. The fact that the injury was common to all other property holders would not bar his right of recovery, the injury being peculiar to his property as well as to theirs, and not such injury as he or they suffer in common with the community generally. [R. R. Co. v. Goldberg, 68 Tex. 685; R'y Co. v. Fuller, 63 Tex. 467.]

In estimating the market value of land as affected by the injury, everything which gives the land intrinsic value is to be taken into consideration, and its capabilities to any use to which it may be put. Every circumstance injuriously affecting the enjoyment of the re-

mainder of the tract not taken, which can be satisfactorily demonstrated to grow out of his being deprived of the use thereof enjoyed by him, is evidence which should receive due consideration and be allowed its proper weight. It is competent and proper to show any fact which would reasonably affect the market value of the land. . [3 Sutherland on Dam. pp. 441, 459; *ante,* §§ 411–413.]

On the other hand, the railroad company may show special benefits that may result to the owner as to the residue of his tract not taken, by the construction of the road. It may show that said residue was thereby enhanced in value in a sum equal to the special damage claimed to have been sustained. Any direct benefit to the residue may be proved, and is a set-off to the peculiar injuries proved by the land-owner. [R'y Co. v. Fuller, 63 Tex. 467; R'y Co. v. Ferris, 26 Tex. 603; R'y Co. v. Waldo, 70 Mo. 629; R'y Co. v. Gay, 31 La. Ann. 430; R'y Co. v. Tanner, 9 Leigh, 313; R'y Co. v. Wicker, 74 N. C. 220; R'y Co. v. Evans, 3 Scam. (Ill.) 208; R'y Co. v. Ring, 58 Mo. 491; R'y Co. v. Robinson, 1 A. & E. R'y Cases, 468; R'y Co. v. Wheeler, 5 A. & E. R'y Cases, 364; McReynolds v. R'y Co. 14 A. & E. R'y Cases, 172, note; *ante,* §§ 256, ——.]

But benefits to other lands of the owner, over which the railroad is not constructed, cannot be proved or taken into account. [R'y Co. v. Brown, 58 Ill. 61.]

"In case of a railroad appropriation of land for right of way through a tract of land, causing incidental and local injury to the residue of the tract, although general resulting benefits from the railroad to the value of such residue of the land are prohibited from being taken into account in estimating the amount of compensation to be paid the owner, yet, where a local, incidental benefit to the residue of the land is blended or connected, either in locality or subject-matter, with the local, incidental injury to such residue of the land, the benefit may be considered in fixing the compensation to be paid the owner, not by way of deduction from the compensation, but of

showing the extent of the injury done to the value of the residue of the land. In many of the states benefits are excluded by constitution or statute from consideration in what shall be paid for the *value* of the property taken for public use; but the inhibition in this form has not been deemed to exclude this consideration in reduction of consequential damages resulting from the appropriation. In other states the same restricted application of benefits is made on general principles as proper and necessary to give just compensation." [3 Sutherland on Dam. 456.]

Applying the settled rules above stated to the facts of this case, there is no error in the rulings and judgment of the trial court. Appellant's land, through which the right of way was sought to be condemned, consisted of a tract of three hundred and fifty-one acres within the corporate limits of the town of Henrietta. The right of way took seven and one-half acres of said land. It was shown that the residue of the tract was enhanced in value by the location of the road, and especially by the location of a depot near it. The case was tried by the judge without a jury, and the judge appears to have considered every phase in which the evidence presented an element of damage. The whole subject-matter upon both sides of the case was fully opened up by the evidence, and the judgment is sustained by the evidence.

December 12, 1888.       ·       Affirmed.