FUESS, Appellant, v. KANSAS CITY and THE BROOKLYN AVENUE RAILWAY COMPANY.

Division Two, December 12, 1905.

1. **GRADING STREET:** Damages to Abutting Lots: Measure of Damages: Benefits. The measure of damages to lots abutting on a street whose grade has been changed by the city is the difference between the value of the lots prior to the change of the grade and the value after the change was made; and if the benefit to the lots, if any, by the change of the grade, more than compensates for the damages, if any, sustained, then the owner cannot recover.

2. ———: ———: ———: Benefit to Public Generally: Theory of Trial: Different Theory on Appeal. Cases must be heard in the appellate court and considered upon the same theory upon which they were tried in the lower court. Where a case was tried in the lower court upon the theory that the damage to the lots abutting on a street whose grade was changed by the city, was the difference in the value of the lots before and after the change, and if there was any benefit to the lots due to the change of the grade that difference should be lessened by that benefit, the appellant lot owner, on appeal, will not be heard to contend that the case was tried on the wrong theory, and that it should have been tried on the theory that in reducing the

Fuess v. Kansas City.

damages, only those benefits which are peculiar and special to
the particular lots, and not those which are common or general
to the properties in the neighborhood, can be considered or
taken into account.

3. ———: ———: Cost of Improvements. In a suit for damages
to lots, caused by a change in the grade of the street upon
which they abutted, testimony as to the difference in the cost
of putting in foundations for buildings on the lots before the
change in the grade of the street, and the cost afterwards, there
being no intimation in the questions as to the dimensions of the
walls and buildings which might have been, or were to be, con-
structed, should be excluded as being too indefinite and specu-
lative.

4. ———: ———: ———: Taxbills. In such suit, it was not re-
versible error to exclude taxbills issued by the city, for curb-
ing and paving in front of the property. They were competent
only to show that the lots had some value, but the issue in such
suit was not whether the lots were of value, but whether they
had been damaged by the change in the grade of the street.

Appeal from Jackson Circuit Court.—*Hon. Edw. P.
Gates,* Judge.

AFFIRMED.

*Botsford, Deatherage & Young* for appellant.

(1) The trial court tried the case on a wrong
theory. The theory of the trial court was that the de-
fendant, for the purpose of reducing the damages suf-
fered by plaintiff, had a right to prove the general
benefits to property in general from this class of pub-
lic improvements. If anything may be considered
as established law in this State, it is that in re-
ducing damages in cases like this, only those bene-
fits which are peculiar and special to the prop-
erty in question and not common or general to
properties generally, can be considered or taken
into account. Railroad v. Chrystal, 25 Mo. 545;
Railroad v. Richardson, 45 Mo. 466; Combs v. Smith,
78 Mo. 39. Applying the rule decided in the last case

cited to the case at bar, there being no evidence in this case proving special benefits to the property in controversy from the grade and fill by the defendants in Highland avenue, and there being no evidence of such special benefits, it follows that there was no basis for the instruction on the subject of benefits contained in said instruction number one for the defendants given by the court. Cole v. St. Louis, 132 Mo. 639; Hook v. Railroad, 133 Mo. 318; Spencer v. Railroad, 120 Mo. 154. (2) The rulings of the trial court in excluding the testimony of witness Rowland as to the difference in cost in putting in foundations for buildings on this property before the grade was made and the cost afterwards were certainly erroneous. One way of determining the difference in the market value of the property before and after making such a grade is to enable the jury to see the difference between the cost before and after the improvements made by the grade. Smith v. Kansas City, 128 Mo. 33.

*John H. Lucas, Edwin C. Meservey, James W. Garner* and *Chas. H. Thompson* for respondents.

(1) The contentions of the respective parties will appear from the instructions asked and given, and we assert that the instructions given for plaintiff and defendants were harmonious and there was no conflict therein. In other words, there is no difference in the same. Plaintiff's instruction one asked the court to declare that if the market value of the lots was depreciated and lessened by the fill, he was entitled to recover the difference therein, while defendant asked the court to declare (instruction one) that unless the damage—if any—was greater than the benefit done by the grading, there could be no recovery—the one being the converse of the other and both being given. (a) Horgan v. Brady, 155 Mo. 669. (b) However, there was no error in the instructions. The measure of plaintiff's recovery was the difference in the market value

of the land—if any—before and after, the making of the fill. Sheehy v. Railroad, 94 Mo. 574; Tegeler v. Kansas City, 95 Mo. App. 166. Unless the reasonable cost of repairing the injury by restoring the property to its former condition, as near as may be, is less than such difference, then the latter is the true measure of damages. Smith v. Kansas City, 128 Mo. 23; Robinson v. St. Joseph, 97 Mo. App. 508. (2) The court did not err in excluding the testimony of Rowland as to the difference in cost in putting in foundations for buildings before the grade was made and the cost afterwards. The objection to this evidence was sustained on the ground that it was altogether too speculative. Robinson v. St. Joseph, supra.

BURGESS, P. J.—This is an action for $5,000 damages, alleged to have been sustained by plaintiff by reason of the wrongful acts of defendants in raising the grade of Highland avenue in front of lots 3, 4, 5, 6, 7 and 8 in Weston's Addition to Kansas City, of which lots plaintiff was the owner. The trial resulted in a verdict and judgment for defendants, from which plaintiff appeals.

The case was tried upon the theory that if the market value of the lots was depreciated and lessened by the fill, the plaintiff was entitled to recover, by way of damages, the difference between the value of the lots prior to the change of the grade of the street and the value after such change was made; but if the benefit to the lots, if any, by the raising of the grade, more than compensated for the damages, if any, sustained, then there could be no recovery.

There was evidence tending to sustain the theory upon which the case was tried, and the court instructed the jury accordingly.

The principal point relied upon by the plaintiff for a reversal of the judgment is that the case was tried upon the wrong theory, and that it should have

been tried upon the theory that, in reducing damages in cases like this, only those benefits which are peculiar and special to the property in question, and not common or general to properties generally, can be considered or taken into account. The decisions of this court cited by plaintiff, viz., Railroad v. Chrystal, 25 Mo. 544; Railroad v. Richardson, 45 Mo. 466; Combes v. Smith, 78 Mo. 32; Railroad v. Ridge, 57 Mo. 599; Railroad v. Waldo, 70 Mo. 629; Cole v. St. Louis, 132 Mo. 633; Hook v. Railroad, 133 Mo. 313; Spencer v. Railroad, 120 Mo. 154; Hickman v. Kansas City, 120 Mo. 110; Nagel v. Railroad, 167 Mo. 89, are cases relating to proceedings to condemn property for public use, or damages to property condemned for such purpose. Such decisions are all one way and in accord with plaintiff's contention. It has always been held by this court, however, that cases must be heard in this court and considered upon the same theory upon which they were tried in the lower court. Thus, in the case of Horgan v. Brady, 155 Mo. 659, MARSHALL. J., in speaking for the court, said: "The plaintiff is limited on appeal to the theory on which she tried her case in the lower court, for it would be manifestly unjust to convict that court of error in respect to matters upon which it never ruled, and upon claims of rights that were never called to its attention. This is axiomatic in appellate practice, and has been the accepted rule, certainly since 1868. [Trigg v. Taylor, 27 Mo. 245; Walker v. Owen, 79 Mo. 563; Tomlinson v. Ellison, 104 Mo. 105; Hart v. Leete, 104 Mo. 315; Minton v. Steele, 125 Mo. 181.]"

It is said by plaintiff that the court, in excluding the evidence of witness Rowland as to the difference in cost in putting in foundations for buildings on this property before the grade was made and the cost afterwards, committed error. It is argued that this was one way of determining the difference in the market value of the property before and after the changing of

the grade, and to enable the jury to see the difference between the cost of improving the property before such change in grade and afterwards. The objection to the evidence in question was sustained on the ground that it was too indefinite, there being no intimation therein as to the dimensions of the walls and buildings which might have been, or were to be, constructed. In Robinson v. City of St. Joseph, 97 Mo. App. l. c. 508, it is said: "Nor do we think it [the trial court] erred in refusing to permit the defendant to inquire of the witnesses whether or not in their opinion if the plaintiffs had expended the amount recovered for the injuries occasioned by the grading of Penn street in the lowering of the surface of their lots and improving them that the grading of Twenty-eighth street and the alley would have injured their said lots. The pertinent question was, what was the actual market value immediately before the injury, and not what it might have been, had certain conditions existed. The latter is too speculative and theoretical, and it is not that contemplated by the rule for the ascertainment of damages in a case like this."

In the case of Smith v. Kansas City, 128 Mo. 23, and upon which plaintiff chiefly relies for authority to support his said contention, the property was improved, and the question was as to the cost necessary to restore the property to the relative position it bore to the street before the change in the grade of the street was made, while in the case at bar the property was unimproved, and the estimate of costs of prospective foundations for buildings would be entirely speculative. In the Smith case conditions existed which would enable a witness to form a sound or approximately correct opinion as to the cost of necessary improvements; in this case, there was nothing save theory and airy speculation upon which to rest an opinion.

Another contention is that error was committed in excluding certain taxbills, issued by the city against the property in question, and offered in evidence by the plaintiff in support of the theory that the property was of some value. These taxbills were for paving and curbing in front of the property. That this evidence was not admissible for any purpose other than to show that the property was of some value we think clear. The question was not whether the property was of value, but whether it was damaged by the acts of defendants in raising the grade of the street in front of it. In any event, the judgment should not be reversed because of the exclusion of said taxbills as evidence.

Our conclusion is that the judgment should be affirmed. It is so ordered.

All concur.