*Nov. Term, 1857.*

PROTZMAN v. THE INDIANAPOLIS AND CINCINNATI RAILR'D Co.

---

PROTZMAN *v.* THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY.

A city council cannot authorize a railroad company to take or injure the property of a citizen.

Railroad companies have implied power under their charters to make such side-tracks and continuations at the termini of their roads, as may be reasonable and necessary for the transaction of their business, and the accommodation of the public; and they may take private property for that purpose.

A continuation of the track of the *Indianapolis and Cincinnnati Railroad* 200 rods beyond the depot at *Lawrenceburgh*, was not an unreasonable exercise of such power.

The right to use and enjoy the street is an appurtenance to a lot abutting upon a street, and an injury to the appurtenance is an injury to the whole property.

Where a street is taken by a railroad company, a party entitled to use and enjoy such street cannot pursue the statutory remedy, but must sue for damages for a consequential injury.

Nov. Term, 1857.

PROTZMAN v. THE INDIANAPOLIS AND CINCINNATI RAILR'D CO.

Friday, November 27.

APPEAL from the *Dearborn* Court of Common Pleas.

PERKINS, J.—Suit by *Protzman* against the *Indianapolis and Cincinnati Railroad Company*, to recover for damages to a lot, in the city of *Lawrenceburgh*, occasioned by elevating the grade of the street in front of it, by said company, and laying a railroad track upon the grade.

The company answered, setting up a license from the city council.

The plaintiff replied that the grade and track extended over 200 rods south of the depot of the road, and that the license granted by the council had been revoked before the extension was made.

Demurrer to the replication sustained, and final judgment in favor of the company.

So far as the right of the plaintiff to recover was concerned, the license from the city council was of no consequence. That body had no power to deprive him of his right to damages from the company for any injury they might do, or have done, to his property; while it was not, on the other hand, his business to enforce rights of the city. It was the province of each to act in reference to his or her own particular interest. The council had a right to establish the grade of the streets of the city, and improve them accordingly, as streets, for the accommodation of the inhabitants; and if this was done in a careful manner, the owners of lots upon the streets had no right to damages accruing through such improvements. They bought their lots subject to such right of action in the council. *Snyder* v. *The President, &c., of Rockport*, 6 Ind. R. 237. But the city council cannot authorize a railroad company to take or injure the property of a citizen. That is not a part of the duty of the council in relation to grading streets, &c., in the proper sense of the term. Enough upon this point. But two questions arise upon the record before us.

1. Had the railroad company a right, by virtue of their charter, to appropriate, as against the plaintiff, the street? We say, as against the plaintiff; for the right, as against the city council, does not come in question in this suit.

2. Could the plaintiff maintain any legal proceedings against the company?

It has been stated that the grade and track complained of extended southward from the depot 200 rods. And it is argued that the company were not authorized by their charter to make such extension, and hence, had no right to appropriate private property for that purpose. It is said that the charter was for a railroad from *Indianapolis* to *Lawrenceburgh;* that the depot, at the latter place, was the southern terminus of the road; and that an extension, 200 rods beyond the depot, was outside of the charter of the company. We cannot concur in this view of the question. At the termini of railroads, depots are necessarily erected. At these depots, the main business of the roads must be transacted, freight and passengers must be discharged, trains of freight and passenger cars, and locomotives, must be kept in reserve, and must stand while being loaded and unloaded, &c. In short, about a depot, tracks must necessarily be extended on every side, for the accommodation of the company and the public in the transaction of business, and companies have the implied powers, under their charters, to make such as are reasonable and necessary. We think an extension of 200 rods, of such an important business road as we know that in question to be, was not unreasonable. Lands may be taken for depots as well as for roads of which they are a necessary incident.

The company, then, might take private property for that purpose, by the charter, making adequate compensation for the same. How should such compensation be enforced? In *Haynes* v. *Thomas*, 7 Ind. R. 38, it is decided that the right of the owner of a town lot abutting upon a street, to use the street, is as much property as the lot itself; that it is appurtenant to the lot, and is protected by the constitution. It cannot be taken away without compensation. The lot, and street adjoining, then, as to the owner of the former, would seem to constitute but one piece of property, and an injury to the latter would seem to be an injury to the former—to the whole property. It would seem, therefore, according to *The New Albany, &c., Company* v. *Connelly,*

Nov. Term, 1857.

7 Ind. R. 32, that the remedy prescribed by statute should be pursued, in obtaining compensation. But it has been considered that, in this class of cases, the property of the individual is not so taken as to justify the statutory remedy, and, hence, that he is left to the ordinary one at law for the recovery of damages for a consequential injury. *Tate* v. *The Ohio, &c., Co.*, 7 Ind. R. 479.—*Hutton, et al.* v. *The Indiana Central, &c., Co.*, Id. 522.—*Eward* v. *The Lawrenceburgh, &c., Co.*, Id. 711.—*The Evansville, &c., Co.* v. *Dick*, at the present term (1).

What the respective rights and powers of the city council and railroad company might have been, as to the occupancy of the street in question, we do not inquire.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings in accordance with this opinion.

*D. S. Major*, for the appellant.

*J. Ryman*, for the appellees.

