## No. 8667.

### JOHN HEPTING ET AL. VS. NEW ORLEANS PACIFIC RAILWAY COMPANY.

A legislative charter may confer upon a railroad company the right of way upon any street. highway or turnpike in the State, and the right to construct thereon its road

Under such grant the company is authorized to lay the track of the road upon and through the street of an unincorporated town along its route without further permission or authority. The company cannot, however, so exercise the right and construct the road through a street as unnecessarily impair the right of the public to the free use of such street, and inflict serious and unequal damage upon private property contiguous to said street; and property owners so injured may demand by suit the reconstruction of the track, and under conditions its ultimate removal.

APPEAL from the Civil District Court for the Parish of Orleans. *Righter*, J.

*J. S. & J. T. Whitaker* and *H. H. Taylor* for Plaintiffs and Appellants.

*Kennard, Howe & Prentiss* for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J. The plaintiffs, owners of property fronting on and contiguous to Third street, in the villages of Gretna and Mechanicscham, in the parish of Jefferson, complain and charge that the N. O. Pacific Railroad Company has laid its track through said street in such manner as to obstruct the street and impeded or destroyed the free use of it, to the great injury of plaintiffs and damage to their property. They further allege that said track was laid without any legal authority therefor.

They pray that the defendant company be condemned to remove its track and pay damages from judicial demand until the removal of the same.

On an exception, substantially of no cause of action, the lower court dismissed the demand for damages and overruled the exception in other respects. And here we will remark that in the absence of any demand of the plaintiffs before this Court to remand the case for the

purpose of taking evidence touching the damages, and the claim for damages not being pressed before this Court, and there being no evidence in the record to base an estimate upon, we shall consider the question of damages eliminated from the case, as now presented, and shall confine our attention to the other relief asked for—the removal of the alleged obstructions.

The defendant pleads the general issue, and claims to have exercised the right disputed by virtue of the company's charter—being act 14 of 1876 of the General Assembly of this State, the sixth section of which reads as follows:

"To construct and maintain its said railroads, or any part of the same, and to have the right of way therefor across or *along or upon* any waters, water courses, river, bay, lake, inlet, *street, highway, turnpike* or canal within the State of Louisiana, which the course of said railways may intersect, touch or cross; provided the said company shall preserve any water course, *street, highway, turnpike* or canal which its said railways may so pass upon, *along* or intersect, touch or cross, so as not to impair its usefulness to the public *unnecessarily*, or if temporarily impaired in and during the construction of the said railroads, the company shall restore the same to its former state, or to such a state that its usefulness and convenience to the public shall not be *unnecessarily* impaired or injured."

And it is further alleged that the right thus granted is confirmed by an ordinance of the Police Jury of the parish of Jefferson—the villages in question being unincorporated.

From a judgment dismissing the suit the plaintiffs have appealed.

The plaintiffs deny the power either of the State or of the Police Jury to grant or confer the right claimed by the company, upon which it justifies its action in laying the track upon and along the street mentioned.

While we fail to discover any authority in the Police Jury, under the general and special powers delegated by statute to such bodies, to make or confirm the grant in question, yet that the State has such power seems to have passed beyond the domain of controversy, and has been expressly recognized by this Court in the case of Harrison vs. N. O. Pacific Railroad, 34 Ann., and is amply and unquestionably sustained by the authorities therein cited.

The counsel for the appellants, however, deny that the charter of the company confers any such right with respect to this particular street in the absence of special mention and designation of the street in

the body of the act. We do not conceive that any such special designation was necessary. The section granted above expressly gives the right of way along or upon "any street, highway or turnpike in the State of Louisiana;" and this is comprehensive enough.

It is to be observed, however, that it is only the right of way that is given, and a fair construction of the law and the terms of the grant plainly implies that this right of way does not confer on the company the exclusive use or possession of a street, highway or turnpike, as the case may be; but, on the contrary, that the privilege or concession conferred is to be exercised with strict regard to the rights of others, both public and private.

The grant confers no power on the company, and could confer none to deprive others of their rights with respect to this street, except under the exceptional conditions provided by law and after due compensation. Public places of this kind can only be appropriated to the use of private corporations for railway or other purposes, upon the hypothesis that they can be thus applied without serious damage to any one; and this is the more evident in this State when viewed in the light of a positive constitutional prohibition contained in article 156 of the present Constitution, "that private property shall not be damaged for public purposes without compensation," which is but the explicit enunciation of a principle that pervades every enlightened system of jurisprudence. Hence it would follow that, if the laying down the track, owing to the grade established or from its proximity to the dwellings or houses, obstructed free access to or egress therefrom, or from other cause inflicted essential damage, it would afford just ground of complaint. Redfield on Railways, Vol. 1, 324; Dawson vs. Delawne, 7 Ohio (N. S.) 459; Avenue R. R. Co. vs. Cumminsville, 14 Ohio, 523; 37 Barb. 357; 39 Ib. 494.

Nor, in our opinion, is this principle dependent upon the question discussed by the counsel in this case, and upon which the decisions of this Court are not entirely harmonious—that is, whether the fee of the land over which the street or highway passes lies in the contiguous proprietors or belongs to the public. Renthorp vs. Bourg, 4 M. 136; Mayor vs. Hopkins, 13 L. 326; Hatch vs. Arnoult, 3 Ann. 482. For apart from any consideration as to where or in whom the fee of the land lies, and apart from the kind of right in property that the public has in a street or highway, there is a private right which belongs to the proprietor of a lot or building fronting on the street, and is an appurtenant to it—that is, as much property as the lot or building itself

being the right to the free use of the street in front of his premises affording access to his house for persons, animals or vehicles, as his wants or convenience may require. This right is as much subject to the protection of legal and constitutional guarantee as any other species of property. Haynes vs. Thomas, 7 (Porter) Ind. R. 38; Ib. 479; Thompson vs. West Somerset R. R., 29 Law Times, 7; 56 B. (N. S.) 174; S. C. 5 Jar. (N. S.) 70; 9 Ind. 467, 433.

When we apply these principles to the case before us under the evidence in the record, and after a thorough examination of the same, we are satisfied that the plaintiffs in this case had ample ground of complaint against the defendant company for the manner in which its track was laid and constructed through and upon the street in question.

The grievance was more palpable and the injury more apparent at the commencement of the suit than it was at its termination in the court below, for the reason that either the complaint made or a sense of justice had caused some amelioration of the obstructions made by the track of the road, by work done after the filing of the suit.

But whether we consider the condition of the street, caused by laying of the track, at the inception of the suit or its subsequent condition, we have no doubt that the plaintiffs still have just cause of complaint and suffer serious injury.

The maps and other evidence submitted show that the street in question is forty feet wide; that the banquets on either side occupy seven feet, making fourteen feet for both sides. That the street is not entirely straight, and that the track of the road does not conform to the direction or curves of the street and does not occupy the centre of it, but crosses from side to side, in some places actually impinging on the banquets, and in others approaching the buildings so closely that no room is left for the passage of vehicles, and, in the language of the witnesses, not even room for the running of wheel-barrows.

The consequence of this is, as described by the testimony, that in some instances the proprietors or occupants of the houses fronting on or contiguous to the street are denied access to their premises with carts carrying wood, coal or other necessaries, and these have to be unloaded and their contents carried by hand some distance to their destination. Such inconveniences, in addition to the absolute danger to property and persons consequent upon the near approach of the locomotives and trains to the buildings, make the grievance severe, if not intolerable.

It must also be taken into consideration that the track of the road is raised above the level of the street and the banquet, making it difficult,

if not impossible, for vehicles to cross the same at any other points than the crossings at the intersections of the streets; and although this difficulty was to some extent removed by the work done after the institution of the suit, yet even after such work, and in the present condition of the street, there is just cause of complaint.

In short, the course of the track through the street, as we have described it, and its elevation above the street and the banquet, admits, necessarily, of no positive or satisfactory amelioration, except by an absolute and complete reconstruction of the work, both as to the direction or course of the track and its relative height with respect to the street and banquet. The company under the legislative grant have the right to the use of the street, but they must exercise that right so as not to inflict unequal damage and damage that may be avoided, upon the proprietors or occupants of houses along the line of the street. Their franchise does not entitle them to infringe unnecessarily and unequally upon public or private property.

The principle of *"sic utere tuo ut alienum non laedas"* is still a living principle, unimpaired and unaffected by the extraordinary developments of modern progress; and when it is plainly and unexcusably violated, courts should, as far as practicable, supply the remedy and not be moved therefrom by the codensiration that seems to have determined the court of the first instance, that the repairing of the injury done or the damage threatened in this instance was a subject exclusively for legislative or municipal direction and control.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed; and it is now ordered, adjudged and decreed that the defendant, the N. O. Pacific Railroad Company be and it is hereby required to reconstruct the track of its road through Third street in the villages of Gretna and Mechanicsham, in the parish of Jefferson, in such manner that the line of the track shall be parallel with the buildings fronting on said street and as near the centre of said street as practicable and on a level with said street, or at so slight an elevation above the same as to admit at all places the easy and convenient crossing of the track of the road by vehicles.

It is further ordered and decreed that such reconstruction of the track of said road through said street in the manner above set forth shall be completed, or the track entirely removed therefrom, within three months following the rendition of this judgment, and that in default of such reconstruction or removal the defendant company be prohibited from using said track, reserving to the plaintiffs in the event of a non-

State ex rel. Page vs. Recorder.

compliance with this judgment to have the track removed by the lower court through the sheriff, at the expense of the defendant.

It is further ordered that the defendant pay costs in both courts.

Rehearing refused.