G., C. & S. F. R'y Co. v. Almond Fuller.

(Case No. 2049.)

1. CONSTITUTION CONSTRUED.— Article 1, section 17, of the constitution places it beyond the legislative power of the state to authorize any individual or corporation to take, damage, destroy or apply the property of the citizen to public use, without adequate compensation being made, unless he consents thereto. By the term "property," as above used, is meant not only the tangible thing owned, but every right and incident which accompanies ownership.

2. SAME.— By the word "damaged," above used, as applied to injuries resulting from the construction of public works, is meant some injury peculiar to the particular property, and not suffered by it as a result of the construction of the public work in common with other properties in the same community.

3. DAMAGES — RAILWAYS.— Legislative permission to construct a railroad through the streets of a city cannot relieve the railway company from the duty of compensating the citizen who by its construction along a street receives special damage in the depreciation of his property.

4. MEASURE OF DAMAGES.— In such a case the jury, in estimating damages, may consider whether the property claimed to have been damaged was enhanced in value by the construction of the road in a sum equal to the special injury claimed to have been sustained; and if it was not, whether, by reason of improvements made by the road owners, the street is in better condition than it was before the railway was built. But the benefits and losses which the plaintiff received and sustained by the building of the road, in common with the community generally, are to be excluded from the estimate in ascertaining the amount of damage.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Suit brought October 15, 1883, by Almond Fuller against the Gulf, Colorado & Santa Fe Railway Company, to recover the sum of $3,000 for damages, alleged by plaintiff to have been occasioned to land and improvements thereon owned by him, on St. Emanuel street, in the city of Houston, Texas, by the building and operating by defendant of a railroad on that street. The lots were occupied by plaintiff as a homestead.

The defendant demurred generally and specially to plaintiff's

petition, and answered by a general denial and special pleas, alleging that defendant had permission and authority, by its charter and ordinances of the city council of Houston, to build and operate its railroad.     That the road had been carefully and skilfully built, and that engines and cars thereon were properly and carefully operated, and that St. Emanuel street, in front of plaintiff's property, had been very greatly improved by the work and labor of defendant; that by reason thereof it was in a better condition to be traveled over, and for all the ordinary purposes of a street, than it was before defendant constructed its railroad over the street, and that by reason of the building and operating of the railroad, and the work done by defendant in connection therewith, the property of plaintiff had been enhanced in value.

The demurrer and special exceptions of defendant were overruled.     Verdict and judgment for plaintiff for $1,200.

It was admitted on the trial of the case that defendant had permission and authority by its charter, and under the ordinances of the city of Houston, to build and operate its railroad on and over St. Emanuel street; and there was no evidence of any unskilfulness in the construction of the road or the operation of trains thereon.

Several witnesses testified that the property was worth less on the market by from twenty-five to thirty-three and a third per cent. than it would be if defendant's railroad was not there; that it was less desirable and valuable for homestead purposes than it would be without the railroad, though some witnesses thought its value for other purposes may not have been impaired.

The lots were worth from $2,000 to $2,500, without the improvements.     A narrow gauge railway runs through the center of the street, and defendant's track was placed between the narrow gauge railroad and plaintiff's premises, there being scarcely room to drive between.

*Jones & Garnett*, for appellant, that the petition disclosed no cause of action, cited:    Charter of City of Houston, sec. 23, as amended in 1883 (see Special Laws 18th Legislature, p. 15); art. 4173, R. S.; H. & T. C. R. R. Co. v. Odum, 53 Tex., 351.

*Brady & Ring*, for appellee, that there was no error in the court's charge, cited:   Sec. 17, Bill of Rights, Const. 1876; art. 4196, R. S. 1879; 1 Red. on R'ys, 71; R. R. Co. v. Odum, 53 Tex., 351; 2 Dill. on Mun. Cor., 633; id., note 1; id., 640; Banks v. Ogden, 2 Wall., 57; Barney v. Keokuk, 4 Otto, 336; R. R. v. Scott, 3 Am. & Eng. R'y

Cases, 218, and note, id.; 2 Dill. on Mun. Cor., 704, note 1, id.; Cooley on Const. Lim., 549; R'y Co. v. Lawrence, 7 Am. & Eng. R'y Cases, 95.

STAYTON, ASSOCIATE JUSTICE.— It is claimed by the appellant that as it had permission, under its charter and the ordinances of the city of Houston, to build and operate its road on the street, and has done so carefully and skilfully, it is not liable to the appellee for any injury that has been done to his property on the street, in the construction and operation of its road.

The legislative permission thus obtained doubtless relieves the appellant from liability to the public, if it has carefully and skilfully constructed and operated its road, but it does not follow from this that it may not be liable to any person whose property has been injured, even though the road be ever so well constructed and operated.

For the protection of private rights the constitution declares that " no person's property shall be taken, damaged or destroyed for or applied to public use, without adequate compensation being made, unless by the consent of such person." Const., art. 1, sec. 17.

This language is broader than that used in the former constitutions of this state, and was doubtless intended to meet all cases in which, even in the proper prosecution of a public work or purpose, the right or property of any person, in a pecuniary way, may be injuriously affected by reason of the thing being made thereby less valuable, or its use by the owner restricted by the public use to which it is wholly or partially applied, without compensation having been first made to the owner.

It is also not improbable that it was intended, by the language found in the present constitution, to meet and correct evils which had sometimes been thought to result to the property owner from a narrow and technical meaning sometimes put by courts upon the word " taken " used in the former constitutions of this state and in the constitutions of the most of the other states.

The word " property," as used in the section of the constitution referred to, is doubtless used in its legal sense, and means not only the thing owned, but also every right which accompanies ownership and is its incident.

Thus considered, under the rules established by the great weight of judicial decisions, and opinions of elementary writers eminent for their learning, the facts of this case amount to a taking of private property for a public use. Cox v. Railway Co., 48 Ind., 178;

Railway Co. v. Hartley, 67 Ill., 439; Harrington v. Railroad Co., 17 Minn., 218; Gray v. Railroad Co., 13 Minn., 315; Schurmeier v. Railroad Co., 10 Minn., 82; Pomeroy v. Railroad Co., 16 Wis., 644; Hinchman v. Railroad Co., 17 N. J. Eq., 78; Protzman v. Railroad Co., 9 Ind., 469; Ford v. Railroad Co., 14 Wis., 609; Kaiser v. Railroad Co., 22 Minn., 152; Railroad Co. v. Reed, 41 Cal., 257; Wager v. Railroad Co., 25 N. Y., 529; Grand Rapids Booming Co. v. Jarvis, 30 Mich., 321; Arimond v. Canal Co., 31 Wis., 316; Pumpelly v. Green Bay Co., 13 Wall., 181; Hooker v. N. H. & N. Co., 14 Conn., 146; Eaton v. B. C. & M. R. R., 51 N. H., 506; Dillon on Municipal Corporations, 711, 712, and citations; Cooley's Con. Lim., 676–688, and citations.

If, however, there has been no taking of the property of the appellee, within the meaning of the constitution, there can be no doubt that it has been damaged, if the evidence offered to support the averments of the petition be true.

The word "damaged" is evidently used in the sense in which the word "injured" is ordinarily understood.

By damage is meant "every loss or diminution of what is a man's own, occasioned by the fault of another," whether this results directly to the thing owned, or be but an interference with the right which the owner has to the legal and proper use of his own.

If by the construction of a railway or other public work an injury peculiar to a given property be inflicted upon it, or its owner be deprived of its legal and proper use, or of any right therein or thereto; that is, if an injury, not suffered by that particular property or right only in common with other property or rights in the same community or section, by reason of the general fact that the public work exists, be inflicted, then such property may be said to be damaged.

Every government has the power to construct or to cause to be constructed public works, and in so far as such construction works an injury to the public, it can give no one a right to a private action.

A railway may be built in such relation to a prosperous town as practically to destroy the value of real estate in it, or in a part of it, and to destroy the business of its inhabitants, but if it be built in accordance with legislative permission, this would not entitle a person to maintain an action for loss resulting from the diminution in value of his property in the town or his loss of business.

In reference to such things benefits will accrue to some communities and persons, and depreciation in values result to the property of others; but these neither entitle a public work to compensation

for benefits conferred, nor render it liable for such losses as may be sustained; for the doing of that which the law authorizes to be done, all of its requirements being complied with, cannot give cause for private action.

If, however, the legislature authorizes a public work to be constructed, and, as the constitution does impliedly in every case, couples with its authorization the declaration that the person or company to whom the authority is given shall not take, damage or destroy the private property of the citizen in order to accomplish the contemplated purpose, unless compensation therefor is first made, then the authority must be received and exercised with the limitation with which it is given; and if not so exercised, and that be taken, damaged or destroyed which can only be taken, damaged or destroyed for the public purpose after just compensation, then, in so far as the unauthorized act affects private rights, it gives cause for private action, and the act stands as though no legislative permission was ever given in so far as the right of the injured person to recover damages is concerned.

The questions involved in this case were considered in the case of G., C. & Santa Fe R. R. Co. v. Eddins, 60 Tex., 656, in which authorities bearing on them are collected.

The court gave the following charges: "That private property cannot be taken, damaged or destroyed for or applied to public use, without adequate compensation being made, unless by the consent of such person. If the proof satisfy you that defendant company, by permission of its charter and of the municipal authorities of the city of Houston, but without consent of plaintiff, has built its track on St. Emanuel street, and runs its trains thereon, if such track and use of such street by defendant in passing its trains over same has damaged plaintiff's property described in his petition, find for plaintiff, and assess the amount thereof. On the other hand, if from the proof you are not satisfied that real damage or lessening in value of plaintiff's property has occurred, and was occasioned by defendant's acts complained of, your verdict should be for defendant. If, under the evidence applied to the law given you in charge, you find that plaintiff's property has been injured by the acts of defendant company complained of, the measure of damage is for the actual loss thereby sustained in the fair, reasonable salable value of plaintiff's said property: that is to say, if by reason of defendant's acts complained of, plaintiff's property is lessened in value, he is entitled to recover the fair and actual difference between the fair valuation of said property, if any, occasioned by defendant's acts, and its fair valuation

but for defendant's acts complained of; and you will look to all the evidence as to its use when defendant company built and operated its track and run its trains over St. Emanuel street, as it may be affected injuriously thereby, as well as all other evidence touching the fair valuation of plaintiff's property, and as to how, if at all, the value is injuriously affected by defendant's acts complained of."

1. The court also charged, at request of plaintiff: "If you believe from the evidence that St. Emanuel street in front of plaintiff's property has been improved by defendant since the construction of defendant's railroad, and that said street is in a better condition for ordinary street uses than it was before said railroad was built, you may consider this circumstance in mitigation of the damages, if any, sustained by the plaintiff; and should you believe that the fact of said street being thus improved counterbalances all injuries, if any, resulting to said property from the use of said street by defendant, and operation thereon of defendant's railroad, you will find for defendant."

2. The court also charged, at the request of defendant: "If the jury believe from the evidence that at the time of constructing its road on St. Emanuel street the defendant, at its own labor and expense, raised and shelled said street in front of plaintiff's property, and thereby improved said street, and made it more convenient to be traveled over than it was before; and if you further believe from the evidence that by reason of this improvement plaintiff's property has been enhanced in value, and that this enhancement in value is equal to or greater than any depreciation caused by the construction and operation of said road and the moving of trains thereon, then you will find for defendant."

3. The following was also given at request of plaintiff: "In estimating the value of said premises with and without the railroad being on said street, you shall base your estimate *on the fair market value of the same*, and in this connection you should consider in defendant's favor such special benefits, if any, as the plaintiff may have derived from the location of said railroad on said street. . ."

4. The court also charged, at request of defendant: "If the jury believe from the evidence that plaintiff's property is worth as much now as it would be worth if defendant's railroad was not built and operated on St. Emanuel street, in the manner that it has been and is being done, you will find for defendant."

We are of the opinion that these charges fairly submitted to the jury the law for the government of the case, both as to the right of the appellee to recover, and as to the measure of damages.

It is urged that the court erred in charging the jury, at plaintiff's request, that "In estimating the amount of damage, if any, sustained by the plaintiff, you must not consider those benefits or injuries to plaintiff's said property which he may receive or sustain in common with the community generally where said property is situated, which results from the construction and operation of the defendant's railroad, and which are not peculiar to him and connected with his ownership, use and enjoyment of his said property, and all such benefits or losses shall be altogether excluded from your estimate."

We are of the opinion that there was no error in this charge; for the same reasons which make it proper to exclude such benefits in estimating damage under the statutory proceeding to condemn the right of way apply in a case in which the owner is compelled to resort to law to obtain redress for an illegal taking or damage done to his property.    R. S., 4194–4196.

The charge referred to in the sixth assignment was properly refused, and so much of the charge referred to in the seventh assignment as was material and proper was given in other charges.

The charge referred to in the eighth assignment contained matter which with proper limitations was given in other charges.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered March 6, 1885.]