ALEXANDER HANEY v. G., C. & S. F. R'y Co.

(No. 5147.)

APPEAL from Tarrant County. Opinion by WILL-SON, J.

CUMMINGS, HOLLAND & HOVENCAMP, counsel for appellant.

SHEPARD & MILLER and W. B. FORD, counsel for appellee.

§ 278. *Obstruction of highway by railroad; damage to real estate thereby; case stated.* This is a suit brought by appellant to recover from appellee damages caused to his homestead premises, situated in the city of Fort Worth. His petition alleges, in substance, that his homestead is located upon two lots, and that said lots

front one hundred feet on Gounah street, a public street of said city. That, in constructing its road, appellee caused said street, and also Harding street, another public street of said city, to be so torn up and obstructed as to destroy their use as streets with reference to his premises. That appellant also caused gulches to be dug in near proximity to his said premises, in which water, filth and garbage accumulated, rendering his said premises subject to miasma and generating offensive odors, etc. That by reason of these acts of appellant his said premises had been depreciated in value $400. It is shown by the evidence that the obstruction of the streets complained of is more than three hundred feet from appellant's premises, and does not prevent free ingress and egress to and from said premises. Appellant's premises, however, are in what is known as Gounah's addition to the city of Fort Worth, and said obstruction destroys the use of said Gounah and Harding streets by appellant and others residing in said addition, with reference to the main portion of said city. In other words, said obstruction renders travel and communication between residents of said addition and the business portion of the city more inconvenient, said streets, before said obstruction was placed thereon, having been the nearest and most convenient avenues of such travel and communication. By the preponderance of the evidence it is established that said obstruction has depreciated the value of appellant's premises. The cause was tried by the court without a jury, and judgment was rendered for appellee upon the ground that "the facts as alleged in plaintiff's petition, and the evidence adduced upon the trial, show no cause of action against the defendant." Counsel for appellee contend that the judgment is correct, because the damage, if any, sustained by appellant, is not special to him, but is one shared in kind, if not in degree, by the public generally. *Held:* If it be true that such is the character of the damage sustained, the proposition is correct. The law does not afford parties relief in cases where the inconven-

iences suffered by them are suffered by the whole community alike, in a greater or less degree, and which are to be borne by the pubic in consideration of the greater public good to be acquired. [R. R. Co. v. Fuller, 63 Tex. 467; 3 Suth. on Dam. 442.] Such is the rule prescribed by our statute. It is only such damage as is *peculiar* to the owner, or connected with his ownership, and is not sustained by him in common with the community in general, that he can recover. [R. S. art. 4196; R. R. Co. v. Fuller, *supra.*] This rule is well expressed as follows: "In estimating either the injuries or the benefits, those which the owner sustains or receives in common with the community generally, and which are not peculiar to him and connected with his ownership, use and enjoyment of the particular parcel of land, should be altogether excluded, as it would be unjust to compensate him for the one or to charge him with the other, when no account is taken of such incidental benefits and injuries with other citizens who receive or feel them equally with himself, but whose lands do not chance to be taken." [Cooley's Const. Lim. (4th ed.) 707.]

§ **279.** *Peculiar or special damage to real estate.* But the serious difficulty presented in this case is as to the character of the damage alleged and proved by appellant. Is it such damage as is peculiar and special to him? Such damage as is contemplated by that provision in our constitution which declares that no person's property shall be *damaged* for public use, without adequate compensation being made, etc.? [Const. art. 1, sec. 17.] There has been no case, precisely similar in its facts, adjudicated by the higher courts of this state. In all the cases decided in this state with reference to the word "damage" as used in the above cited provision of our constitution, the damages arose from obstructions, etc., immediately contiguous to the premises injured, and where the premises abutted upon the highway at the very place of the obstruction, and where the facts conclusively showed that the damage was peculiar and special to the particular

property in question. [R. R. Co. v. Eddins, 60 Tex. 656; R'y Co. v. Fuller, 63 Tex. 467; Williams v. R'y Co. W. & W. Con. Rep. § 312; R'y Co. v. Graves, id. § 580; R'y Co. v. Crabtree, 2 W. Con. Rep. § 62.] In this case the obstruction is at a distance from appellant's premises; not immediately contiguous thereto, and the premises do not abut upon the streets at the points of obstruction. But it is a fact that his premises are damaged by the said obstruction. Can it make any difference where the obstruction is located? We can perceive no good reason why it should. The questions are: 1. Does the obstruction damage the premises? 2. If so, is the damage thus caused, special and peculiar to the particular premises? If these questions are answered affirmatively by the evidence, the owner is entitled to recover compensation for the injury to his property regardless of the locality of the obstruction. The "damage to property" contemplated by the constitution is not alone the direct, physical damage to the *corpus* of the property, such as overflowing it, burning it, or the like, but it is any direct, physical injury to the right of user, or enjoyment of it, by which the owner sustains some special pecuniary damage in excess of that sustained by the public generally. Wherever there has been a direct, physical disturbance of a right, either public or private, which the owner enjoys in connection with his property, and which gives to it an additional value, and by reason of that disturbance he has sustained a special damage with respect to such property, such damage is within the meaning of the constitution and he is entitled to recover. This is the doctrine announced by the supreme court of Illinois in the case of Rigney v. Chicago [102 Ill. 64], in interpreting a provision in the constitution of that state, precisely similar to section 17, article 1, of our constitution, the case also being one where there had been no direct, physical injury done to the *corpus* of the property, but where the use and enjoyment of a public right in a public street had been disturbed and impaired by an improvement made by the

city of Chicago, some two hundred and twenty feet distant from the plaintiff's premises. [See also, in support of this doctrine, Molandin v. R'y Co. 14 Fed. Rep. 394; R. R. Co. v. Stein, 75 Ill. 41; City of Atlanta v. Green, 67 Ga. 386; Gottschalk v. R. R. Co. 14 Neb. 550; Moore v. City of Atlanta, 70 Ga. 611; Reardon v. San Francisco, 66 Cal. 492.]

But is the damage sustained by appellant peculiar and special to his premises? It is very clear from the evidence that most, if not all, the lots and premises located in the Gounah addition have been depreciated more or less in value by the said obstructions, etc., complained of by appellant. This damage is common to the property owners in that particular portion of the city, but it cannot be said to be common to other property owners in said city. It does not appear that the principal portion of the city is in the least injuriously affected by said obstructions. With reference to this question, we do not think that the comparatively few property owners in the Gounah addition can reasonably be held to constitute the "community generally." Does the fact that several other premises besides appellant's are damaged by the same cause deprive him of his right to compensation? We think it does not. We think the law relating to nuisances is applicable in this case. One who has sustained damage peculiar to himself from a common nuisance has a cause of action, although a like injury has been sustained by numerous other persons. [3 Suth. Dam, 423, 424.] In such case the nuisance is both common and private. The rule upon this subject is clearly stated as follows: "In order to enable a private person to maintain a bill to restrain a public nuisance maintained by a railway company, he must show that he is specially damaged thereby; that is, that he sustains a special damage therefrom not common to the public. By common injury is meant an injury of the same kind and character, and such as naturally and necessarily arises from a given cause, but not necessarily similar in degree or equal

in amount.   If the injury is the same in kind to all, it is a common injury, although one may be actually injured or damaged more than the other.   To illustrate, we will take the case of a slaughter-house erected upon a public street.   To all who come within the sphere of its operation or effects it is a nuisance and offends the senses by its noxious smells.   It is a common nuisance in such a locality, and in its general effects produces a common injury. But to those living upon the street, and within its immediate sphere, it is both a common and a private nuisance; common in its general effects, but private in its special effects upon those living there.   To the public generally, it produces no injury except such as is common to all; but to those owning property in its neighborhood, or residing there, it produces a special injury, in that it detracts from the enjoyment of their habitations, produces intolerable physical discomfort, and diminishes the value of their premises for the purposes for which they have been devoted.   Therefore, while those residing beyond its sphere and owning no property there that is impaired in value cannot have a private remedy, either at law or in equity, yet those who live in the neighborhood, or who own property there that is impaired in value by reason of the nuisance, may have their private actions to recover their special damage or protect their interests.   The degree of damages which each sustains varies according to the ratio of nearness to or distance from the promoting cause." [2 Wood's R'y Law, pp. 1378, 1379.] Applying the law, as we understand it to be, to the case before us, we are of the opinion that the allegations in the petition and the evidence adduced on the trial show that appellant is entitled to recover damages in this action; that, by reason of the acts complained of, his property has been specially damaged by being depreciated in value, this damage not being common to the community in general, but of a kind embraced within the meaning of the word "damaged" as used in section 17, article 1, of the constitution of this state.

§ **279a.** *Measure of damage in such case.* As to the measure of damage in such case, the general rule is, the difference between the market value of the premises immediately before, and immediately after, the injury done thereto. [2 W. Con. Rep. §§ 489, 662; W. & W. Con. Rep. § 445.] In arriving at this difference, the benefits or injuries sustained in common with the community generally, by reason of the construction, etc., of the railroad, and which are not peculiar to the appellant, and connected with his ownership, use and enjoyment of the property, are to be excluded from consideration. [R'y Co. v. Fuller, 63 Tex. 467.]

April 20, 1887.            Reversed and remanded.