## TEXAS & P. RY. Co. *v.* CITY OF BATON ROUGE *et al.*

(*Circuit Court, E. D. Louisiana.* June 8, 1888.)

**INJUNCTION—RIGHTS PROTECTED AND WRONGS PREVENTED.**
Complainant, having the right under its charter of transporting its passengers and freight across a river by means of its own boats, agreed, for a consideration, to use for such purpose only the public ferry operated by a private party under a lease. The ferry proving inadequate, complainant commenced running its own boats for purposes of transportation. *Held,* that equity would not protect complainant from the consequences of its failure to comply with the contract, by enjoining the operators of the ferry from interfering with the operation of complainant's boats.

[1] Publication delayed by inability to obtain copy of opinion at time of delivery.

In Equity. On motion for an injunction.

The Texas & Pacific Railway Company entered into a contract with the city of Baton Rouge and Gebelin & Philips, by the terms of which the said railroad company, in consideration of certain privileges granted by the city, agreed to transfer its freight and passengers from West Baton Rouge to the city of Baton Rouge, by means of the public ferry which had been leased by the city to said Gebelin & Philips. The ferry being deemed inadequate, the company chartered other boats, and sought to exercise the privilege granted by its charter of transporting its freight and passengers by means of its own boats. A restraining order having been issued, the complainant company asks that an injunction issue, pending suit, restraining the said city of Baton Rouge, and Gebelin & Philips from interfering with the conduct of its business in so transporting freight and passengers.

*W. W. Howe,* for complainant.

*Farrar, Jonas & Kruttschmidt,* and *C. C. Bird,* for defendants.

Before PARDEE and BILLINGS, JJ.

PARDEE, J. On the showing made we are of the opinion that the complainant under its charter, has the right to run, operate, and control transfer-boats to and from its rail terminus in West Baton Rouge to and from the city of Baton Rouge, for the transportation of its freight, passengers, and employes, (see *Harrison* v. *Railway Co.,* 34 La. Ann. 462; *Hepting* v. *Railway Co.,* 36 La. Ann. 898;) that, in landing its boats within the limits of the city of Baton Rouge, it is subject to the general police regulations and control of said city, and can only exercise special privileges therein by lawful grant of the said city, (see *Packet Co.* v. *Catlettsburg,* 105 U. S. 559;) that the right to operate such transfer-boats is not affected nor limited by the legislative grants to said city to operate or license public ferries to and from the west bank of the river, (see *Conway* v. *Taylor's Ex'r,* 1 Black, 603, 632;) that the complainant may exercise the right aforesaid by chartering or hiring boats and barges to perform the said service substantially as in the contract attached to complainant's bill; and that for so exercising the rights under its charter the complainant cannot be lawfully interfered with by the defendants, either by denying proper landing or by arresting and harassing employes.

We find, on the showing made, that within the last two years the complainant and the defendants, the city of Baton Rouge and Gebelin & Philips, the latter being the lessees of the public ferry, entered into a contract to the substantial effect that, in consideration of a certain specified landing and wharf privileges granted by the city to complainant, the complainant would operate no transfer-boat for the transfer of passengers, but would transfer them by the public ferry. It is the impairment of this contract which gives rise to this suit. The complainant, alleging that the facilities furnished by the public ferry are of "very inadequate capacity and ineffective power, * * * and which do not and cannot furnish the necessary accommodations" for complainant's largely increasing business, and that the public ferry-boat does not ply from and to

landings suitable to accommodate complainant's business, and does not cross between sunset and sunrise to meet complainant's passenger travel, has chartered boats to do all its transfer service. The defendants Gebelin & Philips allege their ability to perform all needful service, their willingness to run their boat at such times, and from and to such landings as will fully meet the wants of complainant's passenger traffic, and that they have not been put in default; and this last is conceded. The injunction asked for is to restrain the city of Baton Rouge and Gebelin & Philips from arresting and harassing complainant's employes in carrying on complainant's legitimate business. As the issues between the parties are presented to us, it seems that the controversy is one for the determination of a court of law in regular course, and that, while the defendants ought not to resort to police proceedings to enforce specific performance of the contract, the complainant ought not to have protection from a court of equity against the legitimate demands arising out of its failure to comply with its contract. On the case as made the injunction pending the suit is refused, and the restraining order heretofore issued is dissolved.

BILLINGS, J., concurs.