# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-03-00311-CV
---

**Wolfgang Hirczy de Mino, Appellant**

**v.**

**The University of Houston, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. GN204624, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

Appellant Dr. Wolfgang Hirczy de Mino[1] appeals from the trial court's dismissal with prejudice of his breach of contract action against appellee University of Houston. We will modify the judgment to reflect a dismissal without prejudice, and as modified, affirm.

---

[1] Hirczy de Mino has represented himself *pro se* throughout this litigation, which does not excuse him from complying with applicable rules of procedure: "Neither is it [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." *Faretta v. California,* 422 U.S. 806, 834 n.46 (1975). As stated by the Texas Supreme Court:

> There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.

*Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978); *Shull v. United Parcel Serv.,* 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied); *Chandler v. Chandler*, 991 S.W.2d 367, 378-79 (Tex. App.—El Paso 1999, pet. denied). Rules of procedure are readily accessible and are intended to help clarify issues, expedite resolutions, and ensure accurate decisions. *See* Tex. R. Civ. P. 1; *In re Caldwell,* 918 S.W.2d 9, 10 (Tex. App.—Amarillo 1995, no writ).

**Factual and Procedural Background**

From August 1997 to August 2001, Hirczy de Mino was employed as a lecturer at the University of Houston. Hirczy de Mino was employed under a series of one-semester contracts. In August 2001, Hirczy de Mino was notified that his contract would not be renewed for the fall 2001 semester.[2] In December 2002, Hirczy de Mino filed suit for breach of contract in Travis County. The University filed a plea to the jurisdiction based on sovereign immunity. A hearing was held on the plea; Hirczy de Mino waived his right to appear in person. The trial court dismissed the suit with prejudice.

**Discussion[3]**

*Sovereign Immunity*

As a general rule, the State of Texas and its governmental units are immune from suits for money damages unless the legislature has expressly consented to the suit. *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001). When a governmental unit contracts with a private citizen, it generally retains immunity from suit even though it waives immunity from liability. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 408 (Tex. 1997). Generally, a party seeking redress against a governmental unit for breach of contract must establish legislative consent to sue by bringing suit under a special statute or obtaining a legislative resolution. *Little-Tex*, 39 S.W.3d at 596;

---

[2]  Hirczy de Mino first filed a lawsuit in district court in Harris County alleging breach of contract and violations of his state and federal constitutional rights. That suit was removed to federal court where the University of Houston's motion for summary judgment was granted. Hirczy de Mino appealed to the Fifth Circuit; according to the parties, the case is currently pending on appeal.

[3]  Hirczy de Mino lists ten issues presented. His argument, however, does not track the issues in either their order or the way in which the issue is stated. We have followed the argument in the brief and overruled or sustained the numbered issue that most closely matches the argument.

*see* Tex. Civ. Prac. & Rem. Code Ann. § 107.002 (West 1997). In the absence of a waiver of governmental immunity, a court has no subject matter jurisdiction to entertain a suit against a governmental unit. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.). In order to prevail, the party asserting the plea to the jurisdiction must show that even if all of the allegations in the plaintiff's pleadings are taken as true, an incurable jurisdictional defect is apparent from the face of the pleadings, rendering it impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Id.* Because subject-matter jurisdiction presents a question of law, we review the district court's decision *de novo*. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Caldwell*, 23 S.W.3d at 135.

In reviewing a trial court's ruling on a plea to the jurisdiction, we do not look at the merits of the case; instead, we "construe the pleadings in favor of the plaintiff," looking to the pleader's intent and accepting the factual allegations as true. *Caldwell*, 23 S.W.3d at 135. "The truth of the plaintiff's allegations is at issue only if the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction on the court." *Id.* Further, "a court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 224; *Jones*, 8 S.W.3d at 638-39 (Tex. 1999).

3

*Education Code*

Hirczy de Mino argues that his breach of contract claim was properly before the trial court because the Legislature waived the University's sovereign immunity through the "sue and be sued" language of section 111.33 of the Texas Education Code. Hirczy de Mino relies on *Fazekas v. University of Houston*, which held that section 111.33 provided legislative consent for a professor's breach of contract suit against the University. *See* 565 S.W.2d 299, 302 (Tex. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.).

After *Fazekas* was decided, however, the Legislature amended section 111.33 to add the last sentence of the applicable version:

> The board [of regents] has the power to sue and be sued in the name of the University of Houston. Venue shall be in either Harris County or Travis County. The University shall be impleaded by service of citation on the president or any of its vice presidents. Nothing in this section shall be construed as granting legislative consent for suits against the board, the University of Houston System, or its component institutions and entities except as authorized by law.

Tex. Educ. Code Ann. § 111.33 (West 2002); *see Freedman v. University of Houston*, 110 S.W.2d 504, 507-08 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (discussing post-*Fazekas* amendment and holding professor's suit against University of Houston barred by sovereign immunity).

We construe statutes as written and, if possible, ascertain legislative intent from the statute's language. *See Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 706 (Tex. 2002); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). We begin with the plain language of the statute because we assume that the Legislature tries to say what it means. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999); *Villanueva v. Gonzalez*, 123

4

S.W.3d 461, 465 (Tex. App.—San Antonio 2003, no pet.). Even when a statute is not ambiguous, however, we consider other factors to determine the Legislature's intent such as the object sought to be attained, the legislative history, and the consequences of a particular construction. Tex. Gov't Code Ann. § 311.023 (West 1998); *Helena Chem. Co.*, 47 S.W.3d at 493; *Hageman v. Luth*, No. 03-03-081-CV, slip op. at 10, 2004 Tex. App. LEXIS 5566, at *16-17 (Tex. App.—Austin June 24, 2004, no pet.).

The legislative history of the amendment supports the proposition that the legislature intended to alter the result of *Fazekas*. The bill analysis for H.B. 1182 refers to the 1978 court opinion holding that the System had waived its sovereign immunity, and "was open to suit without authorization of law." House Comm. on Higher Educ., Bill Analysis, Tex. H.B. 1182, 69th Leg., R.S. (1985). The analysis further states, "The University of Houston must make clear its possession of sovereign immunity as a state agency." *Id*. In a higher education committee meeting discussing the bill, the chair noted:

> [House Bill 1182] simply allows the University of Houston System to do the same thing that essentially is available for other institutions of higher education and that is to say that, uh, suits cannot be filed against the university without legislative permission . . . .
>
> My understanding is that this is pretty generally available to other institutions and really gives the University of Houston the same status that other institutions have.

*Laying Out & Recommendation Concerning House Bill 1182*, House Comm. on Higher Education, 69th Leg., R.S., (Mar. 18, 1985). The legislative history comports with the language of the statute that the section should not be construed as granting consent for suits against the University.

Accordingly, Hirczy de Mino cannot rely on section 111.33 as a waiver of sovereign immunity. His suit is barred unless he can show it is "authorized by law" or some exception to the doctrine of sovereign immunity applies. We overrule issues one and two.

***Waiver By Conduct***

Hirczy de Mino contends that he pleaded the "waiver by conduct" exception to sovereign immunity, and so the plea to the jurisdiction was erroneously granted. He argues that the Texas Supreme Court left open the question of waiver by conduct in its decision in *Federal Sign*. *See* 951 S.W.2d at 408 n.1. However, this argument has been effectively foreclosed by recent supreme court decisions. *See, e.g.*, *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 857 (Tex. 2002). This Court recently noted that since *IT-Davy*, it has only recognized a waiver of immunity in contract cases when the State has first sued the contracting party. *Smith v. Lutz*, No. 03-04-00074-CV, slip op. at 8, 2004 Tex. App. LEXIS 5081, at *12-13 (Tex. App.—Austin June 10, 2004, no pet.); *State v. Fidelity & Deposit Co. of Maryland*, 127 S.W.3d 339, 343-44 (Tex. App.—Austin 2004, pet. filed) (citing *IT-Davy*, 74 S.W.3d at 861 ("As one example, it has long been held that the State can waive immunity by filing suit.") (Hecht, J., concurring)); *see also Reata Constr. Corp. v. City of Dallas*, 47 Tex. Sup. Ct. J. 408, 409, 2004 Tex. LEXIS 303, at *6-8 (Apr. 2, 2004); *Kinnear v. Texas Comm'n on Human Rights*, 14 S.W.3d 299, 300 (Tex. 2000). In *Lutz*, this Court concluded: "We await further guidance from the supreme court on what additional conduct might be sufficiently egregious to waive the State's immunity from suit." *Lutz*, slip op. at 8, *12-13 (footnote omitted). Similarly, we decline in ths case to re-visit the "waiver by conduct" exception. We overrule issue seven.

6

### *Constitutional Claims*

*Open Courts*

Hirczy de Mino also contends that if amended Education Code section 111.33 repealed its former waiver of sovereign immunity, that repeal was an unconstitutional violation of the Texas Open Courts Provision. "All courts shall be open, and every person for an injury done him, in his lands, good, person or reputation shall have a remedy by due course of law." Tex. Const. art. I, § 13. This provision has been held to apply to prohibit statutory restrictions of cognizable common law causes of action. *Federal Sign*, 951 S.W.2d at 410. However, section 111.33 does not foreclose a breach of contract lawsuit or leave appellant without a remedy; it simply requires that appellant obtain legislative consent to suit before initiating litigation. *See Freedman*, 110 S.W.2d at 508. Thus, section 111.33 does not violate the "open courts" provision. *Id*. "Moreover, as the Texas Supreme Court has indicated, merely 'upholding established sovereign immunity law' does not violate the open courts provision." *Id*. (citing *Federal Sign*, 951 S.W.2d at 410).

*Takings*

Hirczy de Mino argues that the trial court erred in dismissing his constitutional takings claim because sovereign immunity does not bar that type of claim. *See* Tex. Const. art. I, § 17 ("No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person."); *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980); *State v. Biggar*, 848 S.W.2d 291, 295 (Tex. App.—Austin 1993), *aff'd*, 873 S.W.2d 11 (Tex. 1994).

Whether particular facts constitute a taking is a question of law. *See Mayhew*, 964 S.W.2d at 936. The supreme court has outlined a three-part test to identify a constitutional taking: (1) the State intentionally performed certain acts, (2) that resulted in a "taking" of property, (3) for public use. *Little-Tex*, 39 S.W.3d at 598; *see Steele*, 603 S.W.2d at 788-92. To meet the first prong, the State must have the requisite intent to be acting under its eminent domain powers, rather than merely withholding property or money in a contract dispute. *Little-Tex*, 39 S.W.3d at 598-99; *Green Int'l, Inc. v. State*, 877 S.W.2d 428, 434 (Tex. App.—Austin 1994, writ dism'd by agr.). "The State, in acting within a color of right to take or withhold property in a contractual situation, is acting akin to a private citizen and not under any sovereign powers." *Little-Tex*, 39 S.W.3d at 599; *see Green Int'l*, 877 S.W.2d at 434. The *Little-Tex* court concluded that because that dispute was a disagreement about the contractor's right to additional payments under the contract, the State was merely acting under its colorable contractual rights, not taking the contractor's property under eminent domain. *Little-Tex*, 39 S.W.3d at 599.

Generally, the term "property," when used in the context of a "takings" claim, is restricted to interests in physical or tangible property along with all rights of an intangible nature which accompany land ownership. *See G.C.&S.F.R.R. Co v. Fuller*, 63 Tex. 467, 469 (1885); *Forest Lawn Lot Owners Ass'n. v. State*, 248 S.W.2d 793, 799-800 (Tex. Civ. App. Dallas—1953), *rev'd on other grounds*, 254 S.W.2d 87 (Tex. 1953). It does not include such interests as a state employee's interest in his job with a state agency or other interests involving property other than real property. *Bates v. Texas State Technical Coll.*, 983 S.W.2d 821, 826 n.8 (Tex. App.—Waco 1998, pet. denied).

8

Hirczy de Mino identifies no real property or interest attendant to real property of which the University has deprived him without paying adequate compensation. Accordingly, he has not pleaded sufficient facts to give the district court jurisdiction over a cause of action under the "takings" clause of art. I, § 17 of the Texas Constitution.

*Impairment of Contracts*

Hirczy de Mino contends that reading section 111.33 to impose the bar of sovereign immunity to his suit violates the "obligations of contracts" provision of art. I, § 16 of the Texas Constitution and thus was erroneous. When a statute is already in effect at the time a contract is made, it cannot be said that the obligations of the contract are impaired by the operation of the statute. *Cessna Fin. Corp. v. Morrison*, 667 S.W.2d 580, 584 (Tex. App.—Houston [1st Dist.] 1984, no writ); *City of Brownsville v. Public Util. Comm'n of Texas*, 616 S.W.2d 402, 410 (Tex. App.—Texarkana 1981, writ ref'd n.r.e.). Hirczy de Mino's contract with the University was signed in the year 2001, well after the amendment to 111.33 was passed. Because the statute was already in effect at the time, it cannot, as a matter of law, violate the "impairment of contracts" language of article 1, section 16. *See Cessna*, 668 S.W.2d at 584.

*Due process*

Hirczy de Mino argues that, to the extent that the amendment to section 111.33 abrogates citizens' rights to sue the University for breach of contract, it removes a vested property right without regard to due process. However:

> Our Constitution's guarantee of due course of the law does not obligate the State to provide judicial relief from all its actions. It may retain for itself, through its Legislature, the exclusive power to determine its liabilities, bound by its conscience.

*Federal Sign*, 951 S.W.2d at 411. A party contracting with the state is not denied all process, or even due process, but only *judicial* process. *Id*. The State provides a process by which a claimant may petition the Legislature for permission to bring suit on a breach of contract claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 107.002 (West 1997). The Supreme Court concluded that "these legislative procedures provide sufficient relief and do not deny constitutional due course of law guarantees." *Federal Sign*, 951 S.W.2d at 411-12. Hirczy de Mino pleaded no facts to establish jurisdiction in the trial court to hear and adjudicate a due course of law claim under the Texas Constitution. We overrule issues three, five, and eight.

### *Declaratory Judgment*

Hirczy de Mino asserts that even without jurisdiction to hear the contract dispute, the trial court had jurisdiction over his declaratory judgment claim. The State responds that Hirczy de Mino is simply using the Declaratory Judgments Act in an improper attempt to confer jurisdiction on the trial court to decide the breach of contract claim. *See IT-Davy*, 74 S.W.3d at 859-60; *W.D. Haden Co. v. Dodgen*, 308 S.W.2d 838, 839 (1958).

The Uniform Declaratory Judgment Act (UDJA) is a remedial statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (West 1997). The Act provides:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

*Id.* § 37.004(a) (West 1997).

Normally, a party may seek declaratory relief when its rights under a contract are uncertain or threatened, provided there is a justiciable controversy. *See, e.g.*, *Paulsen v. Texas Equal Access to Justice Found.*, 23 S.W.3d 42, 46 (Tex. App.—Austin 1999, pet. dism'd) (contract may be construed before or after breach, provided litigation between parties is imminent if contractual uncertainties are not judicially resolved); *see also Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (declaratory judgment appropriate only if justiciable controversy exists) (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). However, declaratory judgment actions based on a governmental unit's breach of contract routinely have been disallowed by the supreme court, as they are suits against the State, and the State has immunity from suit unless expressly waived. *See IT-Davy*, 74 S.W.3d at 855-56.

The Texas Supreme Court has outlined two distinct types of declaratory judgment suits against the State. The first is a suit that is brought against state officers who allegedly act without legal or statutory authority and that seeks to compel the officers to act within their official

11

capacity; these are not considered suits against the State and therefore do not implicate sovereign immunity. *See IT-Davy*, 74 S.W.3d at 855; *Dodgen*, 308 S.W.2d at 840; *Cobb v. Harrington*, 190 S.W.2d 709, 712 (Tex. 1945). On the other hand, declaratory-judgment actions brought against state officials seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities *are* considered suits against the state because they seek to control state action or impose liability on the state. This second category of declaratory actions may not be maintained without legislative permission. *See IT-Davy*, 74 S.W.3d at 855-56; *Federal Sign*, 951 S.W.2d at 404; *Griffin v. Hawn*, 341 S.W.2d 151, 152 (Tex. 1960); *Dodgen*, 308 S.W.2d at 840. Hirczy de Mino has not obtained such permission; accordingly, he may not maintain a declaratory judgment action concerning the contract. We overrule issue four.

### *Dismissal with Prejudice*

Hirczy de Mino contends that the trial court should have abated his lawsuit to allow him to seek legislative consent to sue. However, when a trial court learns that it lacks jurisdiction to hear a lawsuit, the court has little discretion but to immediately dismiss the claim. *Li v. Univ. of Tex. Health Sci. Ctr.*, 984 S.W.2d 647, 654 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). "Thus, a trial court may not abate a suit to await developments in the positions or claims of the parties that may trigger its jurisdiction." *Freedman*, 110 S.W.3d at 509. Rather, jurisdiction must be present at the outset of the litigation. *Id.*; *Li*, 984 S.W.2d at 654. We overrule issue six.

Hirczy de Mino contends that the request to declare rights under the contract was brought on behalf of all others similarly situated who had contracts with the University and so the

12

suit should not have been dismissed without a ruling on class certification. Nothing in the record reflects that this suit was filed as a class action. *See* Tex. R. Civ. P. 42. We overrule issue ten.

Hirczy de Mino contends that if dismissal was appropriate, then his suit should have been dismissed without prejudice. In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect. *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); (citing *Dahl v. State*, 92 S.W.3d 856, 862 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied)). However, dismissal with prejudice may be appropriate when sovereign immunity is the reason that the trial court lacks subject matter jurisdiction. *Id*. (citing *Martin v. Texas Bd. of Criminal Justice*, 60 S.W.3d 226, 231 (Tex. App.—Corpus Christi 2001, no pet.); *University of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 771 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.); *Jones v. City of Stephenville*, 896 S.W.2d 574, 577 (Tex. App.—Eastland 1995, no writ); *Liberty Mut. Ins. Co. v. Sharp*, 874 S.W.2d 736, 740 (Tex. App.—Austin 1994, writ denied)).

In *Harris County v. Sykes*, the Texas Supreme Court noted: "If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading *still* does not allege facts that would constitute immunity, then the trial court should dismiss the plaintiff's action. Such a dismissal *is with prejudice* because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Id*. (emphasis added).

Nevertheless, Hirczy de Mino's argument that his suit should be dismissed without prejudice has merit. As distinguished from the Tort Claims Act claim in *Sykes*, Hirczy de Mino

13

brings a breach of contract action for which legislative consent is necessary.  Indeed, a cause of action under these circumstances accrues only when the State gives its permission to sue.  *See Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989) (citing *Duhart v. State*, 610 S.W.2d 740, 742-43 (Tex. 1980)); *State v. Brainard*, 968 S.W.2d 403, 410 (Tex. App.—Amarillo 1998),[4] (cause of action arose when legislature gave consent to sue State); *see Crawford v. Texas Dep't of Transp.*, No. 04-04-029-CV, slip op. at 8, 2004 Tex. App. LEXIS 7638, at *12 (Tex. App.—Austin August 26, 2004) (memorandum op.).  Ordinarily, the statute of limitations does not begin to run until the State gives its consent to be sued.  *Barganier v. Guest*, 246 S.W.2d 901 (Tex. Civ. App.—Waco 1952, writ ref'd); *Li*, 984 S.W.2d at 654 n.3.

Unlike *Sykes*, this is not a case involving potentially endless amendments to the pleadings that ultimately cannot change the underlying facts asserted to support the cause of action.  Here, Hirczy de Mino has no cause of action for breach of contract unless he can secure legislative consent.  Hirczy de Mino will either secure legislative consent, or not.  A dismissal with prejudice is an adjudication on the merits of the matter actually decided; "there is a final adjudication that the Legislature has not waived Harris County's immunity on the facts of this case." *Sykes*, 136 S.W.3d at 640.  In Hirczy de Mino's case, it would be illogical to dismiss with prejudice a cause of action that has neither definitively accrued, nor definitively failed for lack of legislative consent.  We sustain issue nine.

---

[4] *State v. Brainard*, 968 S.W.2d 403, 410 (Tex. App.—Amarillo 1998), *overruled in part on other grounds*, 12 S.W.3d 6 (Tex. 1999).  In turn, *Martin v. Amerman,* 133 S.W.3d 262, 269 (Tex. 2004), disapproved of language in *Brainard* concerning the availability of a declaratory judgment remedy in title disputes as dicta.

## Conclusion

We have overruled all of Hirczy de Mino's issues except issue nine concerning the dismissal with prejudice, which we have sustained. Accordingly, we modify the judgment to reflect a dismissal without prejudice, and as modified, affirm. *See* Tex. R. App. P. 43.2(b).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Modified and, as Modified, Affirmed

Filed: October 14, 2004

15